## CARTER *v*. BATES.

Opinion delivered March 1, 1920.

1. PRIVATE ROADS — NATURE.—Private roads, opened and kept in repair by the individuals who petition for their establishment, are yet in a sense public roads, since any one who has occasion to do so may travel them.

2. PRIVATE ROADS—ESTABLISHMENT.—Where the land over which an adjoining owner petitioned to establish a road was a valuable tile-drained farm which would be greatly injured by the proposed road, and the road could be established along another route on petitioner's land, a little longer and more expensive, but not prohibitive, it was error to order the establishment over tile-drained land.

Appeal from Perry Circuit Court; *Guy Fulk*, Judge; reversed.

### STATEMENT OF FACTS.

Appellee filed a petition in the county court for the establishment of a road from her house across the land of appellants in order to get to another tract of land owned by her for the purpose of cultivating it.

Appellants opposed the opening of the road on the route in question on the ground that appellee could obtain another road mostly on her own land and alleged that the opening of the road on the route in question would be a great inconvenience and loss to appellants.

The county court granted the petition and established a road fifteen feet wide across the lands of appellants. The case was appealed to the circuit court, and was tried there *de novo* upon testimony substantially as follows: J. C. Carter, one of the appellants, testified that the land over which the road was established belonged to his sons; that the proposed road as laid out runs through their field, which has been tile drained; that there is a 100 acres west of the road that is tile drained, and 120 acres east of the road that is tile drained; before the land was tile drained, most of it stood in water from over one inch to three or four feet deep; that 180 acres could not be cultivated before it was tile drained; that most of the land is in the bottom, is rich and valuable for

cultivation; that the road crosses part of eight or nine cross sections of the tiling and is parallel with two main lines of it; that driving across the land in wet weather causes ruts to be formed which finally get down to the tiling and break it when wagons are driven along the road; that the tiling in the field is so arranged that when a section of it is broken it stops the drainage of the field in wet weather and it becomes impossible to cultivate it until the tiling is replaced; that appellee could construct a road from her house to her field on other ground which would be a little longer route and which would for the most part be on her own land; that a part of it would be across the corner of one forty-acre tract of his land, and that he proposed to give appellee the right-of-way over it; that along this route a bayou would have to be crossed, but that it could be bridged at an expenses of from $50 to $75.   Other witnesses corroborated his testimony with regard to the cost of building the bridge.

J. D. Hyden testified that he had been accustomed to putting in tile drains on land all his life; that he put in the tile drains on the land in question; that most of the land in question was under water before it was tile-drained; that the road in question crosses one main line of six-inch tiling and eight laterals and approximately parallels two main lines of tiling; that where the six-inch tiling now is the water was from one foot to twelve feet deep before the tiling was put in.   The witness corroborated the testimony of Carter that in wet weather the passage of wagons along the road would cause ruts to be formed and finally break the tiling in places, thereby causing the drainage to be obstructed, and the field to overflow with water; that the tiling was laid from twelve to eighteen inches below the surface.

According to the testimony of the witneses for appellee, to establish a road over the route suggested by J. C. Carter would make the distance from her house to her field in question nearly twice as great.   It would be necessary to cross a bayou fifty feet wide and very deep. It would cost four or five hundred dollars to bridge this

bayou, and the road over the route in question would be principally used by appellee and the Carters.

The circuit court found the facts in favor of appellee and ordered the road to be established on the route laid out by the county court.

The case is here on appeal.

*Geo. E. Floyd, Reid, Burrow & McDonnell* and *Gus Ottenheimer,* for appellants.

Section 3010, Kirby's Digest, providing for opening *private* roads must be strictly construed, but strict compliance with its requirements is essential. 15 Ark. 43; 78 *Id.* 18; 104 *Id.* 187; 15 Cyc. 815. The trial was *de novo* in the circuit court, and the judgment there supersedes the judgment of the county court. 100 Ark. 496; 101 *Id.* 106. The judgment here discloses such errors and irregularities as to necessitate a reversal. It condemns land for public use without compensation. No width of the road is prescribed. Kirby's Digest, § 3010; 32 Cyc. 375-377; 9 Ind. 103; 31 Pa. 12, etc. The viewers' report and the order of the circuit court are fatally defective. These proceedings are in derogation of the common law, and the road must be indispensable as a means of ingress or egress, and if there is another way the private road can not be opened. 37 S. E. 181; 45 *Id.* 664; 47 *Id.* 967; 38 Mich. 214; 78 Ark. 18.

The damages were not properly assessed. 78 Ark. 83. The measure of damages is the market value of the land taken and the damages resulting to the owner's remaining land from building, floods, overflows, etc. 39 Ark. 167; 44 *Id.* 258; 44 *Id.* 360; 78 *Id.* 83; 51 *Id.* 330; 15 Cyc. 687.

*J. E. Chambers, J. H. Bowen* and *Sellers, Gordon & Sellers,* for appellee.

The case was tried *de novo,* and the circuit court adopted the judgment of the county court and contains all necessary facts to give complete jurisdiction. The motion for new trial does not set up the failure or omis-

sion to properly describe the road or failure to assess the damages. All parties to the action are charged with the duty to see that the judgment is properly entered of record, and they are charged with knowledge and it was their duty to see that the record disclosed the width of the road and assessed the damages. The evidence fully justifies the court's findings that the road was a necessity, damages awarded properly, and the judgment should be affirmed, or, if reversed, it should be remanded only to fix the width of the road and the amount of damages.

HART, J. (after stating the facts). Although the statute calls roads of this kind private roads because the costs of opening and keeping them in repair are to be borne by the individuals who petition for their establishment, yet they are in a sense public roads. That is to say, although they may be only a branch to the main public road, yet any one who has occasion to do so may travel them. *Pippin* v. *May*, 78 Ark. 18. In that case in discussing whether the petition for the establishment of such a road should be granted the court said: ''In determining whether such a road is necessary, the court must, of course, take into consideration, not only the convenience and benefit it will be to the limited number of people it serves, but the injury and inconvenience it will occasion the defendant through whose place it is proposed to extend it. After considering all these matters, it is for the court to determine whether the road is, within the meaning of the law, necessary or not.''

Tested by this rule, we think the circuit court erred in holding that the road should be established. The undisputed evidence shows that appellants have a very valuable farm over which it is proposed to establish the road, and that it is tile drained; that the establishment of the road in question and travel over it will cause ruts to be formed, so that wagons will break the tiling; and that the tiling is so constructed that when one section is broken this will obstruct the drainage and cause the

whole field to overflow with water. As we have already seen, any one who has occasion to do so may travel this road, if established. The injurious consequences which will inevitably result to appellants from the establishment of the road in comparison to the service it will be to appellee and others who may have occasion to travel it, are so great that the court was not justified in ordering the road opened. It is true that appellee showed that the only other route was longer and more expensive to her, but she does not show that the cost of it was prohibitive, and the court, under the circumstances as disclosed by the uncontradicted testimony, was not justified in ordering the road opened because of the great injury and inconvenience to the appellants, when compared with the benefits to appellee.

It follows that the judgment must be reversed, and the cause will be remanded for further proceedings according to law and not inconsistent with this opinion.