MOHR v. MAYBERRY.

4-4186

Opinion delivered February 24, 1936.

*Harold Watkins,* for appellant.

*Jerry Witt, C. H. Herndon* and *Edna Watson,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Montgomery County establishing a private road for appellee across a nine-acre farm owned by appellant as a way in and out from his own farm of thirty acres to State Highway No. 27, connecting Mt. Ida with Washita, and awarding appellant $10 as damages to his nine-acre farm for the road taken. The proceeding was originated in the county court of said county under §§ 5250-5251 of Crawford & Moses' Digest, which provides, in part: "When the lands, dwelling house or plantation of any person is so situated as to render it necessary for the owner thereof to have a private road from such lands, dwelling house or plantation to any public road or navigable watercourse over the

lands of any other person, and such person shall refuse to allow such owner such private road, it shall be the duty of the county court, on petition of such owner, * * * to appoint the viewers to lay off said road," and, upon the report of the viewers, "the court shall be of the opinion that it is necessary for the petitioner to have said road from said lands, dwelling house or plantation from said public road, * * * an order shall be made establishing the same as a private road, and the person applying for such road may proceed to open the same."

The road established ran through the middle of the nine-acre tract, cutting appellant off from his pasture and water so that in using his pasture he would have to build fences and gates to go from one part of his farm to the other. This would result in much expense and inconvenience to appellant or his tenant. At the time appellee began the condemnation he had a way by open road after passing off his own land on the west side thereof in and out to said highway, which was a longer way than the proposed way in and out over appellant's nine-acre tract. The purport and effect of the testimony introduced by appellee was that it was inconvenient to travel the additional distance in order to get out to said main highway. Mere inconvenience is not a sufficient showing to entitle one to condemn a private right-of-way over another's land. The statute giving a right to condemn a private road is based upon a reasonable necessity, and not merely upon the inconvenience of the petitioner. This court, in the case of *Pippin* v. *May,* 78 Ark. 18, 93 S. W. 64, said:

"In determining whether such a road is necessary, the court must, of course, take into consideration not only the convenience and benefit it will be to the limited number of people it serves, but the injury and inconvenience it will occasion the defendant through whose place it is proposed to extend. After considering all these matters, it is for the court to determine whether the road is, within the meaning of the law, necessary or not."

In the instant case, to take the private road would split appellant's nine-acre farm in half and cause him to maintain fences and gates and to drive or lead his stock

across the private way to the pasture and water. The effect would be to almost destroy the convenient use of appellant's farm. The evidence is not sufficient to support the finding and judgment of the court that the necessity exists to grant appellee a private way over and across appellant's farm. Neither is the evidence sufficient to show that appellant and his neighbors acquired any rights in the way selected by prescription.

The judgment is reversed, and the cause is remanded with directions to the circuit court to vacate the order of the county judge allowing appellee a private way over and across appellant's nine-acre farm.