ROTH *v.* DALE.

4-7174                                    177 S. W. 2d 179-

Opinion delivered January 31, 1944.

*C. T. Carpenter,* for appellant.

*Edward S. Maddox,* for appellee.

SMITH, J.   Appellant owns the southwest quarter of the northeast quarter; northwest quarter of the southeast quarter, and the southwest quarter of the southeast

quarter of section 10, township 10 north, range 1 east, Poinsett county.

These 40-acre tracts lie in a row north and south and make a tract of land three-fourths of a mile long and one-fourth of a mile wide. Appellee Dale owns the southeast quarter of the northwest quarter of the same section, which lies directly west of appellant's north 40-acre tract. Appellee petitioned the county court for the establishment of a road east from his 40-acre tract to the public highway, east and over appellant's land. The proposed road runs across the southern part of appellant's north 40 acres, thereby dividing his land into two parts.

The county court made the order prayed for, and an appeal was duly prosecuted to the circuit court, where, upon a trial before a jury, the following verdict was returned: "We, the jury, approve the establishment of the road in question, and fix the damages of the defendant at the sum of $200."

The motion for a new trial assigns for the reversal of the judgment the following errors: That the verdict was contrary to the law; that the verdict was contrary to the evidence; that the verdict was contrary to both the law and the evidence; that the court erred in failing to instruct the jury to return a verdict for defendant, and erred also in failing to instruct the jury to return a verdict for defendant because of the insufficiency of the description and location of the proposed road. The order of the county court, which was affirmed upon a trial in the circuit court, directed that "a strip of land 25 feet wide, off the south side of the southwest quarter, northeast quarter, section 10, township 10 north, range 1 east, owned by defendant, running the entire length of the 40-acre tract, be laid off as the road." The damages were assessed in the county court at $50, and these were increased by the judgment of the circuit court to $200, and from that judgment is this appeal.

The proceeding was had under the authority of § 6976 of Pope's Digest, which section prescribes the

practice to be pursued, and when compliance therewith is had the court appoints viewers to lay off the road, after determining, upon a view of the affected property, that the new road is proper and necessary. The proceeding is had after the owner of the land to be crossed has refused permission for the road to be established, and the question of the necessity for the road usually arises in such cases, and is the principal question presented by this appeal.

The case of *Pippin* v. *May,* 78 Ark. 18, 93 S. W. 64, defines the test of necessity, and states the circumstances to be considered by the court in making the order. It was there said that the law does not require that the petitioner for the road should show an absolute necessity for the road, by showing that he had no other means of reaching the public highway, but that if the road which the petitioner already has is at times difficult to travel and expensive to keep in repair, and the proposed road is better located and can be established without great injury to any other person, it is necessary within the meaning of the statute. It was there also said that in determining the necessity the county court should take into consideration, not only the convenience and benefit of the limited number of persons it would serve, but should consider also the injury and inconvenience it will occasion the owner of the land through which it is proposed to extend the road. This holding was reaffirmed in the case of *Houston* v. *Hanby,* 149 Ark. 486, 232 S. W. 930.

The case of *Carter* v. *Bates,* 142 Ark. 417, 218 S. W. 838, was one in which the order establishing the road was set aside, because it extended over valuable, improved lands, which would be greatly injured, whereas the road could have been established on another route on petitioner's own land, which was a little longer and more expensive, but not prohibitive. In the case of *Mohr* v. *Mayberry,* 192 Ark. 324, 90 S. W. 2d 963, the order establishing the road was vacated because it was shown the petitioner would be merely inconvenienced by having to travel a longer road.

This cause was submitted to the jury under instructions not complained of, which submitted the question of the necessity of the road, and the judgment pronounced upon the verdict must be sustained if a necessity for the road was shown.

Testimony on behalf of the defendant was to the effect that petitioner would have ingress and egress if a road were established on petitioner's own land running north one-fourth of a mile and thence east to the public road; but it was shown by the testimony that a road thus located would cross a slough and require a bridge, and the cost of drainage and filling which would be required would be prohibitive. Under this testimony, the finding of necessity was, in our opinion, sustained.

Before the trial in the circuit court, the defendant filed a motion to dismiss, for the reason that the report of the viewers and the judgment of the county court thereon were so indefinite that the road could not be located. We think this motion was properly overruled. The order of the court was "To lay off a strip of land 25 feet wide off the south side of the southwest quarter of the northeast quarter of section 10, township 10 north, range 1 east, owned by defendant, running the entire length of the 40-acre tract of land."

A somewhat similar description was held sufficient in the case of *Watson* v. *Crutcher,* 56 Ark. 44, 19 S. W. 98. There, an agreement to convey the north half of a certain quarter section of land, "less 25 acres off the south side" manifested, *prima facie,* at least, the intention that the land reserved should be laid off in a parallelogram, with the whole of the south line of the north half of the quarter section in question as its base. Here, the *prima facie* presumption was made certain by affirmative testimony.

It is finally insisted that the report of the viewers, all of whom testified in the case, should have been vacated, for the reason that the viewers appointed by the county court were not the ones who served as such and made report to the county court.

That objection was not made in the court below, and for that reason cannot be considered here. *Western Union* v. *Freeman,* 121 Ark. 124, 180 S. W. 743; *Scott* v. *McGraw,* 128 Ark. 397, 194 S. W. 230. The necessity for, and the wisdom of, this rule of practice is exemplified in the instant case. It is said that defendant was represented in the county court by a different attorney, with whom it was agreed other viewers should be substituted for those originally named, and this substituted appointment was made by the county court. This order of the county court was not introduced at the trial, but it would, no doubt, have been, had the objection now urged been then made.

Upon the whole case we find no error, and the judgment must be affirmed, and it is so ordered.