PARROTT *v.* FULLERTON.

4-7875

193 S. W. 2d 654

Opinion delivered April 8, 1946.

*Virgil D. Willis,* for appellant.

*Woody Murray,* for appellee.

SMITH, J. In a proceeding in the Boone County Court, authorized by and conforming to the provisions of § 6976, *et seq.,* Pope's Digest, an order was entered establishing a road from the home of petitioner, O. R. Fullerton, across his land, to and along the south line of two adjacent 40-acre tracts of land, to an improved highway, one tract being owned by Chester Parrott, the other owned by Ed Carroll. Carroll did not oppose the road and agreed to donate the strip of his land required for the road, while Parrott opposed the road, upon the ground that there was no necessity for it, inasmuch as Fullerton had access to the highway by another road.

Pursuant to the statute under which the procedure was had, viewers were appointed by the court, who, after viewing the land, reported that "necessity requires the laying out of such road for the reason that no other reasonable route exists that would provide a way of access for the said O. R. Fullerton from his home to any adjacent county road or highway and we did therefore view and lay out such road as follows:" the road described being the one for which Fullerton had petitioned.

The matter was heard on this report, and the intervention of Parrott opposing the road. The County Court made the finding that "said road is necessary as a private road for the petitioner O. R. Fullerton; that the

route thereof as set out in said report is the most practicable and desirable one,'', and that said road should be established. The viewers assessed Carroll's damages at $20, and those of Parrott in the same amount, which report was also approved by the court, and an order was entered conforming to these findings establishing the road, and assessing damages, from which order Parrott prosecuted an appeal to circuit court.

Although the petition and the order of the court referred to the proposed road as a "private road," it was held in the case of *Houston* v. *Hanby*, 149 Ark. 486, 232 S. W. 930, that a road established under the authority of the statute above referred to, becomes and is a "public road" in the sense that it is open to the use of all who see fit to use it.

On the trial of the appeal in the circuit court, a jury was waived, and much testimony, more or less conflicting, as to the necessity for the road was heard, from which the court found, "after considering and weighing the testimony as to the convenience and benefit the proposed road will be to the petitioner and to the other people it will serve and that as to the injury and inconvenience it will occasion the respondent, doth determine and find that the proposed private road as laid out by the viewers is necessary and proper and that it ought to be opened and established."

Petitioner Fullerton testified that he had used as a means of ingress and egress, a road across which the owner of the land had built a fence, after which the road was abandoned and had not since been used, and that since the erection of this fence and for a number of years, he had been using a road across Ed Carroll's land, which road was in bad condition and permitted only a limited use, and on account of its condition, milk trucks, which had picked up milk cans at his home, ceased coming there, and petitioner had sold his cows and had gone out of the dairy business. Petitioner testified there were gullies in this road, some as deep as four feet, and that it would cost much more to make the road passable than it would

cost to make the new road available. Petitioner further testified that he had recently called a doctor to visit his son who was ill, and on account of the condition of the road the doctor was required to walk from the highway to his house, and back, a distance of about a half a mile.

There is but little, if any, conflict in the testimony as to petitioner's necessity for a road to the highway. The road herein first referred to was through a gate which the owner had torn down and had placed a fence across the road. No prescriptive right to use that road had been acquired, and none could be after the erection of the fence. In the case of *Porter* v. *Huff*, 162 Ark. 52, 257 S. W. 393, it was held, under facts somewhat similar to those in the instant case, that: "When appellee inclosed his land and placed gates across the road, it was notice to the public that thereafter they were passing through the land by permission, and not by right." Here not only was the gate removed, but a fence was built in its place, which prevented any use of that road.

In the recent case of *Roth* v. *Dale*, 206 Ark. 735, 177 S. W. 2d 179, we reviewed our earlier cases as to what showing of necessity would be required to warrant the establishment of a new road under the authority of § 6976, Pope's Digest, and our holding was summarized in a headnote as follows: "If the road which the petitioner already has is at times difficult to travel and expensive to keep in repair, and the proposed road is better located and can be established without great injury to any other person, the road is necessary within the meaning of § 6976, Pope's Digest, and the petition should be granted."

We do not review the conflicting testimony. If it be said that there was testimony to the effect that the new road was not a necessity within the meaning of § 6976, Pope's Digest, there was other testimony sufficient to support the finding that there was such necessity. In the case of *Houston* v. *Hanby, supra,* there was conflicting testimony as to the cost of construction and damages arising out of the construction of the new road, and it was there said, "but in testing the legal sufficiency of

the evidence we must view it in the light most favorable to appellee's (the petitioner for the road) cause." We announce our conclusion to be that the necessity for the road was clearly shown, and further that the testimony supports the finding of the court below that the proposed road is not only the most direct, but also the least expensive in construction and maintenance.

The circuit court on appeal sustained the award of damages to Carroll in the sum of $20, which was not questioned. The court further found, "that the damages sustained by the respondent, C. C. Parrott, amounts to $40, which last-named amount shall include the cost and expenses to respondent in removing and resetting the fence along the south side of his tract," and it was further ordered, "that the petitioner pay all the costs of the proceeding in the county court, and that the respondent, C. C. Parrott, pay all costs of this appeal."

We think the imposition of the costs of this appeal against Parrott was error, and that in this respect the judgment must be modified.

In our opinion all the costs of the proceedings, including the costs of the appeal to this court, should be assessed against the petitioner. The law gives the petitioner for a road the right to have a road opened only when necessity requires that this should be done, as necessity is defined in the case of *Roth* v. *Dale, supra,* and the cases there cited. The landowner whose land is to be taken has the right to be heard on this question of necessity, and he should, in no event, be required to pay the costs on the original hearing in the county court. You cannot take one's land and require him to pay the costs of the proceeding in which it was taken.

The Court of Appeals of Kentucky held in the case of *Vice* v. *Eden,* 125 Ky. 255, 68 S. W. 125, that subsequent costs in case of an appeal from the order of the county court establishing a road, should be paid by the unsuccessful party, as in other appeals in civil cases.

Our statutes relating to the establishment of highways generally—§ 6943, Pope's Digest—provide that, "in all cases of a contest, the court having jurisdiction of the cause shall have power to render judgment for costs, according to justice, between the parties." We think "justice between the parties" would prevent the costs in the county court being charged to the landowner whose land was taken, and this cost was assessed against petitioner, but the judgment from which is this appeal requires the respondent to pay all costs of the appeal to the circuit court.. We think this is not justice between the parties for two reasons. First, the appeal on the question of necessity was not taken arbitrarily, or for purposes of delay, but in the utmost good faith. We do not hesitate to say that if the court had refused to establish the road, we would affirm that action. But in view of the conflict in the testimony, we affirm the order of the court establishing the road.

The second reason is that the county court allowed only $20 as damages to the respondent, whereas the circuit court fixed the damages at $40. This is a substantial increase, indeed it is a hundred per cent. increase. This modification entitles the appellant, respondent, to the cost of the appeal to the circuit court. It is true the allowance of $40 as damages includes the "costs and expenses to respondent in removing and resetting the fence along the south side of the tract" where the new road will run.

The record does not show what the costs of removing and resetting the fence will be. The report of the viewers made no allowance on this account, but "found that the value of and damage to the property of the said C. C. Parrott to be appropriated for the establishment of said road is the sum of $20" and that award was approved by the County Court. The circuit court increased the award of damages to $40 without finding as to the costs of the fence, but directed that the award "shall include the cost and expense to respondent in removing and resetting the fence along the south side of his tract." Ap-

parently, but for this modification of the county court judgment, respondent would have been required to remove and reset his fence at his own expense, without any allowance therefor, whereas, this is as much a recoverable element of damages as is the value of the land actually taken, which was a strip off the entire south side of respondent's 40 acre tract of land, a distance of one-fourth a mile.

In the note of the annotator to the case of *Tillamonk County* v. *Johnson,* 10 A. L. R. 451, it is said: "Subject to the doctrine of some courts, thereafter discussed, that the cost of fencing is not to be allowed as a separate item, it is a general rule in the law of eminent domain, where part only of a piece of land is taken, that the cost of fencing thereby made necessary on the untaken land is an element in the determination of damages." Three Arkansas cases are cited to support this text, *St. Louis, A. & T. R. Co.* v. *Anderson,* 39 Ark. 167; *Texas & St. L. R. Co.* v. *Cella,* 42 Ark. 528; *St. Louis, I. M. & S. R. Co.* v. *Walbrink,* 47 Ark. 330, 1 S. W. 545. The later case of *Stuttgart & R. B. R. Co.* v. *Kocourek,* 101 Ark. 47, 141 S. W. 511, may be added.

The order of the circuit court approving the establishment of the road will be affirmed, but the judgment will be modified to relieve respondent from the payment of costs, all of which, including the costs of this appeal, will be assessed against appellee, this because appellant secured substantial relief by each of his appeals. As thus modified the judgment will be affirmed.