WHITE *v.* GRIMMETT.

5-320                                             265 S. W. 2d 1

Opinion delivered March 1, 1954.

*Ervin M. Brewer,* for appellant.

*U. A. Gentry,* for appellee.

J. Seaborn Holt, J.  In a proceeding authorized by and in conformity with §§ 76-110 and 76-111, Ark. Stats. 1947 (Act No. 26, March 23, 1871), the Pulaski County Court, on June 22, 1933, by proper order, established a private road upon a portion of the Northwest Quarter of the Northeast Quarter (NW¼ NE¼) of Section 31, Township 2 North, Range 14 West, Pulaski County, on the petition of M. E. Bradford, who was then the owner of the Southwest Quarter of the Northeast Quarter (SW¼ NE¼) of said section.  This order was as follows:

"On this day coming on for hearing a petition of M. E. Bradford, for the establishment of a private road on and across the NW¼ of the NE¼, Section 31, Township 2 North, Range 14 West, Pulaski County, Arkansas, said property belonging to N. H. Joyner, and it appearing to the court that Flake Stanley, J. W. Denson and L. C. Herrington have heretofore been appointed viewers to examine said situation and make their report to the court, laying out said road and assessing the damages for the same if in their opinion said road should be granted; and it further appearing to the court that said viewers have filed their report and recommended to the court that said road be granted as follows, to-wit:

"Begin 708 feet West of Junction of the East line of the NW¼ of the NE¼, Sec. 31, T 2 N, R 14 W, with middle of county road; thence 507 feet south to the property line of SW¼ of the NE¼, Sec. 31, T 2 N, R 14 W, Pulaski County, Arkansas, said road to be 15 feet wide.

"And it further appearing that said viewers find that said road is a necessity and should be granted and the route set forth as above described is a practical one, and a necessity to the petitioner, M. E. Bradford, and the court being well and sufficiently advised as to all matters of fact and law arising herein, and the premises being fully seen, it is by the court ordered, adjudged and decreed that said report in all things

be ratified, approved and confirmed and said road is hereby established to be located as herein described.

"And it further appearing to the court that said viewers have allowed the following sum to N. H. Joyner, to-wit: $25 for damages, and it further appearing to the court that all matters of costs, including compensation to viewers and damages to said N. H. Joyner have been paid by the said M. E. Bradford, it is further ordered, adjudged and decreed by the court that said report be ratified and confirmed in all things and that said road be established as a private road. (Signed) R. A. Cook, Judge."

Appellee, Grimmett, is the present owner of the land over which the private road was located and appellant, White, is the present owner of the SW¼ NE¼ immediately south of Grimmett's land, having acquired it in 1944 from M. E. Bradford.

August 7, 1951, Grimmett, together with other freeholders of Pulaski County residing in the community of the private road, petitioned the County Court to relocate and re-establish the present private road so as to follow quarter section lines (that is east from White's residence and improvements to his Northeast corner, thence North to 12th Street Pike, a total distance of approximately 1,114 feet, the proposed road to be 15 feet, with 7½ feet on each side of the land), part of which would be on Grimmett's land and the other on land of the present owners, including appellant, J. O. White.

Appellant, White, and others, filed Remonstrance, alleging "that the said M. E. Bradford and/or members of his family, including these remonstrants, have had the open, continuous and adverse use of said road for twenty-two years. That said private road as established is an appurtenance to the property of J. O. White, who, as grantee of the said M. E. Bradford, is now the owner of the SW¼ NE¼, Section 31, Township 2 North, Range 14 West. . . . That the proposed new location of said road (describing it) would not be on as good ground as the old and established road and would not be on the land of petitioners as is provided by law; that the change of

the road to the location prayed for in said petition would not be practical or reasonable as the nature of the soil and the contour of the land would require a great expenditure of money and the maintenance of a road located there would be at great cost.

"Remonstrants would further show to the court that the petitioners have not proposed to open as good a road as the old road, on their land and at their expense, and that for the reasons enumerated herein said petition should be denied."

On a hearing May 1, 1952, the Pulaski County Court entered a final order changing the location of said road and relocating it to coincide with quarter section lines as prayed, but to be 40 feet wide, 20 feet on each side of the quarter section and property line, and vacated the present private road. No provision was made for the opening or maintenance of this new road.

On appeal by the Remonstrants to the Pulaski Circuit Court, trial resulted in an affirmance of the County's order of May 1, 1952, and judgment vacating and relocating the present private road to coincide with the quarter section lines, and to be 1,114 feet long and 40 feet wide, 20 feet on Grimmett's land and 20 feet on White's land, and ordering $15 paid to White as damages. In said judgment no provision was made for the opening or maintenance of the new road.

This appeal followed.

Appellant, J. O. White, testified that he is now, and has been since 1944, the owner of the SW¼ NE¼, Section 31, Township 2 North, Range 14 West, Pulaski County; that his property is south of and joins Grimmett's forty on which the private road is located. His residence and improvements are located on the North part of his property 800 feet from the East line and 496 feet South of 12th Street Pike. The private road extends from his house to the 12th Street Pike. The proposed road of appellees is 1,114 feet long and the private road 496 feet long. His business is operating a bus line from Ferndale to Little Rock. "Proposed road would increase

distance to Ferndale a quarter mile each trip, buses make 6, 8 and 10 trips to improvements each day. I figure additional cost to me to go around quarter section line to be $500 per year at 11 cents per mile. My children go straight down to 12th Street to school bus, wife stands in door and watches children get on school bus. . . . I have figured 7.133 acres of Grimmett's land is cut off by present road, land cost Grimmett $98.07. Grimmett has not offered to build proposed road. County has entered no order to develop new road, nobody has offered to open new road. I offered Grimmett $100 an acre for the land cut off. Present road is on high ground, natural rock base, requires no maintenance, has no bridge on it. Pulaski County has never spent a penny on it. Proposed location has two low places, would require 24-inch tile about 100 feet in rainy weather, about 150 feet East of my house, comes over ridge 10 feet high, then another slash 250 feet long. In winter you can't walk across it, would bog over shoe tops. Would require 250-foot fill with 36-inch tile, goes across another one 8 or 10 feet wide, and there is another branch that comes through here. Tile would have to be there and would require 8-10-foot ditch and tile, or you could tie them together and build one big bridge. There was a little old road from my Northeast corner to 12th Street Pike, had galvanized pipe that won't carry water, is washed out 12 or 15 feet wide, low and should be raised about 4 feet to make a road. At highway is 3-foot ditch, old pipe is mashed up, 20 or 25 years old and rusted out. Half of new road would be usable as is.''

He estimated that it would cost him approximately $3,000 to relocate the road as prayed by appellees. ''I object to the taking of 20 feet of my land 1,114 feet long to construct road. I already have road. Bought that 40 from Mrs. Bradford in 1944.''

S. D. Gray testified, on behalf of appellants, that he lived a little over one-half mile from 12th Street and Grimmett's land. He was acquainted with land on which road is located. It is on high ground and requires no maintenance. Is acquainted with area in proposed new

road, land is very low in spots and has some high places, is a long way from being level. About 150 feet from 12th Street, it is very low, water stands on it constantly in wet weather. There is a form of silt along the new road, it would be expensive and not very suitable. It would be impractical and maintenance would be high. He does not think it practical to change road going from a foundation that is very good to travel over to a place that takes quite a bit of upkeep, and takes quite a bit to build. Grimmett's 7.133 acres cut off by the present road is not cultivated, is scrub timber and is not pasture land, but is woods land.

Grimmett's son, Lloyd, lives on 12th Street Pike and uses 112 feet of this private road.

The above testimony appears not to be contradicted.

We are here concerned with an attempt to vacate and relocate a private road, established and located by the Pulaski County Court in 1933 in strict compliance with the above sections of the statute, relating to private roads, *Houston* v. *Hanby*, 149 Ark. 486, 232 S. W. 930.

This private road, as indicated, goes from a point on 12th Street Pike to the home of appellant, White, where it comes to a dead end. It is his only outlet. He and his predecessors have had the uninterrupted use of this road since its establishment. His immediate predecessor, Bradford, in title, as indicated, had this road established and paid all damages assessed.

Appellees appear to have proceeded under other sections of the statutes having to do with the establishment and relocation of a public road (not a private road, as here). They do not point out any specific statute on which they rely for the relief sought, and we know of no statute under which they would be entitled to such relief. On the record presented here where appellants seek to retain the continued use of this private road, we hold that appellees have failed to produce such evidence, or make such showing, as would support the judgment of the Pulaski Circuit Court.

Accordingly, the judgment of the Pulaski Circuit Court, affirming the County Court Order of May 1, 1952, and vacating and relocating the private road in question, is reversed and the cause remanded with directions to deny the relief prayed by appellees and to enter a judgment consistent with this opinion.