McVay v. Stupenti.

5-1140                                                     297 S. W. 2d 769

Opinion delivered January 21, 1957.

*J. H. Spears,* for appellant.

*Hale & Fogleman,* for appellee.

MINOR W. MILLWEE, J. This is a proceeding by appellant, Dr. L. C. McVay, to establish a private road across certain lands belonging to appellee, U. Stupenti, under Ark. Stats., Secs. 76-110 and 76-111. The lands are near the intersection of U. S. Highways 61, 63 and 64 west of Marion in Crittenden County, Arkansas.

Appellant owns lands along a drainage canal which failed to follow the property lines between his land and that owned by appellee along U. S. Highway 63 so that a small strip of appellant's land was left east of the canal and immediately west of appellee's land. The strip comprises about 2 1/2 acres along a ditch bank and is about 97 feet wide at the widest point and tapers to a point on the north end and to a width of 14 to 20 feet at the south end. Appellant's land is unimproved and for several years a portion of it has been cultivated by his son-in-law. Ingress and egress to and from the land to Highway 63 for purposes of cultivating and harvesting crops has been maintained by crossing the tract owned by appellee near a tenant house along a ditch bank and a turn row which appellee used in the cultivation of his land. Appellee has at all times consented and never objected to this use of his land by the appellant.

After some negotiations between the parties for an exchange of lands or the construction of a road, appellant filed the instant proceeding in county court alleging he was without any means of access to his lands which were so situated as to render it necessary that he have a private road across appellee's lands to Highway 63 and asked that viewers be appointed to establish such road in accordance with the statute. The county court first refused to appoint viewers but on appeal to circuit court was directed to do so and to determine whether a road should be established. On remand viewers were appointed who filed majority and minority reports. Hearings and personal inspections of the premises by the county

court and the circuit court, on appeal, resulted in a judgment and findings that no present necessity existed for the establishment of a private road as sought by appellant and that the petition should be denied.

Appellant argues the trial court erred in failing to follow the report of the two majority viewers by granting the petition of appellant. We think a proper determination of such contention depends upon whether or not the evidence is sufficient to sustain the court's finding that no present necessity existed for the establishment of the road as sought by appellant. In making this determination the evidence must be viewed in the light most favorable to appellee under our settled rule.

The statute in question provides that when the land of any person is so situated as to render it necessary for him to have a private road therefrom to a public road over the land of another who shall refuse to allow it then the county court shall on the petition of such owner appoint viewers to lay off said road. Upon their report to the county court an order shall be made establishing said road provided the court be of the opinion that it is necessary for petitioner to have it. The statute also provides that the report of the viewers shall describe the route of the road and the damages to the owners of lands through which it passes and that the road shall be laid out so as to produce the least inconvenience to the parties through whose land it passes.

We have held that a road established under the statute to become a public road in the sense that it is open to the use of all who see fit to use it. *Roberts* v. *Williams*, 15 Ark. 43; *Pippin* v. *May*, 78 Ark. 18, 93 S. W. 64. In construing the statute we have also held that, while it is not required that a petitioner establish an absolute necessity for such a road, mere inconvenience is not sufficient to entitle one to condemn a way over another's lands which may be taken only upon a showing of reasonable necessity. *Houston* v. *Hanby*, 149, Ark. 486, 232 S. W. 930; *Mohr* v. *Mayberry*, 192 Ark. 324, 90 S. W. 2d 963; *St. Louis-San Francisco Ry. Co.* v. *Logue*, 216 Ark. 64, 224 S. W. 2d 42. In *Pippin* v. *May, supra,* the

court said: "In determining whether such a road is necessary, the court must, of course, take into consideration, not only the convenience and benefit it will be to the limited number of people it serves, but the injury and inconvenience it will occasion the defendant through whose place it is proposed to extend it. After considering all these matters, it is for the court to determine whether the road is, within the meaning of the law, necessary or not."

The report of the majority viewers appointed by the county court stated: "We feel that Dr. McVay should be permitted to cross the Stupenti property in order to get to his farm land. We recommend that this crossing be provided along a ditch bank at the rear of a tenant house on the Stupenti property. There is ample space at this location for an access road, and it would not disrupt Mr. Stupenti's farming operations at this point. Since the Stupenti property will not be damaged at this location, we do not recommend that Dr. McVay pay any damages to Mr. Stupenti."

One of the majority viewers called as a witness by the appellant testified there was no intent on their part to recommend the construction of a permanent road across appellee's lands; that since their investigation disclosed that appellee had never refused appellant entrance to his land by the "crossing" already in use which could be used as long as appellant was "out there," it was their intention that he continue to go across appellee's land in the future as he had in the past. Apparently it was for this reason that they also declined to recommend that appellant pay any damages despite the fact that the land to be taken had an estimated market value of from $300.00 to $1,500 because it fronted on a U. S. Highway near a busy intersection. While appellant testified he was "sorta thinking" of improving or developing his land "some day," there was no indication that he intended to do so in the near future. Appellant's engineer stated that an access road to the land from U. S. Highway 64 near the south end of the property could be provided by the erection of two bridges

at a cost of $1,500 to $2,000 without the inconvenience to appellee of crossing his strip of land at its widest point.

In none of the cases relied on by appellant did the petitioner already have permissive access to the public highway over the very route that the viewers determined he should, or should not, have a private road. Under all the facts and circumstances we hold the evidence sufficient to sustain the finding that there was no reasonable necessity for the establishment of the road in question.

Affirmed.