Dr. George W. DOWLING *v.* Aulden ERICKSON

82-155                               644 S.W.2d 264

Supreme Court of Arkansas
Opinion delivered January 10, 1983

*Little, McCollum & Mixon,* by: *James G. Mixon,* for appellant.

*Walker, Campbell & Young,* by: *Ronald D. Young,* for appellee.

STEELE HAYS, Justice. The appellant owns land that completely surrounds land owned by the appellee, purchased from a third party. Having no access to his land from any public road, appellee filed a petition in county court, pursuant to Ark. Stat. Ann. § 76-110 (Repl. 1981), to establish a road across appellant's land. Section 76-110 sets out the procedures for estabishing a road when an owner has no access to his land. The county court approved the petition and appointed three viewers who fixed a roadway and the amount of appellant's compensation. Appellant appealed to the circuit court which affirmed the county court. On appeal, appellant contends § 76-110 is unconstitutional because it is only for private use, whereas the Arkansas Constitution grants the right of eminent domain only for public use. We uphold the constitutionality of the statute.

We have held several times that a road established under § 76-110, although referred to in the statute as a private road, will be deemed a public road, because anyone who has occasion to use the road may do so. *Bowden v. Oates,* 248 Ark. 577, 452 S.W.2d 831 (1970); *McVay v. Stupenti,* 227 Ark. 224, 297 S.W.2d 769 (1957); *Pippin v. May,* 78 Ark. 18, 93 S.W. 64 (1906); *Roberts v. Williams,* 15 Ark. 43 (1854).

Appellant argues that the right of eminent domain cannot be exercised unless it is *in fact* for use by the public,

citing *City of Little Rock* v. *Raines,* 241 Ark. 1071, 411 S.W.2d 486 (1967). The appellant, however, misconstrues the term "public use in fact", as used in that case. In *Raines,* the City of Little Rock had issued revenue bonds and levied taxes pursuant to Amendment 49 and implementing legislation (Ark. Stat. Ann. §§ 19-2702 — 19-2719 [Repl. 1956]), and was attempting to condemn property for an industrial park in conjunction with a port authority. We said that cities may exercise eminent domain only as expressly granted by the constitution or statutes and such grants are to be strictly construed against the condemnor. We held that neither Amendment 49 nor implementing legislation delegated to the cities the right of eminent domain for an industrial park. The right must be given for a use that in fact directly benefits the public. The point the appellant makes is misguided. The distinction between public and private use is qualitative — not quantitative. In discussing Ark. Stat. Ann. § 76-110, the court in *Pippin, supra,* states:

> The character of a road, whether public or private, is not determined by its length or the places to which it leads, nor by the number of persons using it. *If it is free and common to all citizens, it is a public road though but few people travel upon it.* (our italics).

Appellant also argues that our decision in *Arkansas State Highway Commission* v. *Alcott,* 260 Ark. 225, 539 S.W.2d 432 (1976) forces the conclusion that a road established by § 76-110 is for private use only. In that case the AHC sought to condemn land belonging to Alcott in order to restore access to property belonging to Corbin that had become landlocked as a result of highway construction. The AHC had proceeded under Ark. Stat. Ann. § 76-532 (Repl. 1981) which allows the Highway Commission to condemn for purposes of highway construction. We said:

> The evidence adduced by [The AHC] clearly shows that this taking was not for a public use. To the contrary, it was for the purpose of providing a private driveway and this the State cannot do.

Whether or not a use is public is a question for judicial determination. *City of Little Rock* v. *Raines, supra.* In *Alcott,* even the Highway Department conceded the condemnation was solely the Corbin's driveway. Other testimony from the AHC acknowledged it had taken that approach because it was cheaper than paying damages for Corbin's property. In contrast, there was no evidence in the present case to show that the road to appellee's property would not be for public use, and there has been a long established presumption under this statute that the road will be for public use. There is no similar precedent under § 76-532 when condemning for highway purposes. Additionally, it is clear that the AHC had other alternatives open to it, but simply chose what it saw as the less costly route. An individual who is landlocked and proceeds under § 76-110 has no other alternatives available to him. If he were not granted access to his land under such a statute, he would have no remedy.

Appellant notes that *Bowen* v. *Hewitt,* 227 Ark. 568, 299 S.W.2d 827 (1957) holds that a road established under § 76-110 can be acquired through adverse possession, and since Ark. Stat. Ann. § 37-109 provides that no public road can be acquired through adverse possession, it follows that a road under § 76-110 cannot be a public road. We disagree with that reading of *Bowen,* where we said only that a road established under § 76-110 can be abandoned if not used for seven years by the party who petitioned for the road. There is a significant difference between abandonment and adverse possession and to read *abandoned* to include or mean *adverse possession* would be a distortion of the law announced in that case.

We think the result reached here is not inconsistent with dictum in *Raines,* where we said the right of property is before and higher than constitutional sanction. Granted, in one sense we are employing the process of condemnation against one property owner to serve the needs of another property owner for what is, in part, a private use — an access road. But that result is, we believe, justified by a balancing of equities, in that the imposition on the first owner is relatively slight in comparison to the benefit to the second,

and, more importantly, it serves legitimate public interests: the creation of a road available to the public and the transformation of land which would otherwise remain useless into potentially valuable and productive property.

The judgment is affirmed.

HICKMAN, J., dissents.