Cathryn Chadwick YATES *v.* Floyd Andrew
STURGIS and Vanessa Sturgis

92-281                                          846 S.W.2d 633

Supreme Court of Arkansas
Opinion delivered February 1, 1993
[Rehearing denied April 19, 1993.*]

---

*Hays, Glaze, and Corbin, JJ., would grant rehearing.

*Howard C. Yates*, for appellant.

*McMillan, Turner & McCorkle*, by: *F. Thomas Curry*, for appellees.

ROBERT H. DUDLEY, Justice. Cathryn Chadwick Yates, appellant, and Floyd and Vanessa Sturgis, appellees, own adjoin-

ing tracts of land inside the City of Arkadelphia. Appellant Yates alleges that part of her tract is landlocked, or, in other words, blocked from the nearest city street by the appellees' tract. She filed a petition in the County Court of Clark County, pursuant to Ark. Code Ann. § 27-66-401 (1987), to establish a private road across appellees' tract. The county court held that it was without jurisdiction to open a private road within the city limits and dismissed the petition. Appellant appealed to the circuit court. The circuit court affirmed the ruling of the county court and held that the City Council and the City Planning Commission were the sole authorities authorized to open streets within a city. We have taken jurisdiction of this case of first impression and reverse and remand.

■ Article 7, section 28 of the present Constitution of Arkansas, in the material part, provides: "The county courts shall have *exclusive original jurisdiction* in all matters relating to county taxes, *roads*, bridges, ferries,. . . ." (Emphasis added.) Our earlier state constitutions also placed jurisdiction of county roads under the county court. *See, e.g.*, Ark. Const. of 1836, art. VI, § 9; *Roberts* v. *Williams*, 15 Ark. 43 (1854). In *Sanderson* v. *Texarkana*, 103 Ark. 529, 146 S.W. 105 (1912), we said that the above-quoted provision in the current constitution gives the county court jurisdiction over all public roads in the county and that means the county court also has jurisdiction over streets within a city. We wrote: "The streets of a municipality are public roads of the county, of which the municipality is a component part. While streets do not include roads, yet roads do include streets." *Id*. at 533, 146 S.W. at 107.

As implementing legislation to a prior constitution, the General Assembly, in 1871, provided that the county court may exercise the power of eminent domain to allow access to a landlocked tract. The statute, Ark. Code Ann. § 27-66-401 (1987), in the material part, provides:

> When the lands . . . of any owner [are] so situated as to render it necessary to have a private road from such lands . . . over the lands of any other person and the other person refuses to allow that owner the private road, then it shall be the duty of the county court . . . [to determine whether such a private road is necessary and, if it is

necessary, to exercise the power of eminent domain at the expense of the person seeking the road].

■ Throughout the years we have construed our present state constitution and the above-quoted statute to give the county court the power of eminent domain to allow access to landlocked tracts. *See, e.g., Dowling* v. *Erickson*, 278 Ark. 142, 644 S.W.2d 264 (1983); *Bowden* v. *Oates*, 248 Ark. 577, 452 S.W.2d 831 (1970); *McVay* v. *Stupenti*, 227 Ark. 224, 297 S.W.2d 769 (1957); *Pippin* v. *May*, 78 Ark. 18, 93 S.W. 64 (1906). Before 1871, the precursor statute, Chapter 140, section 62 of The Digest of the Statutes of Arkansas of 1846, provided, "Any person desirous of having a wagon road laid out, for his convenience, from the dwelling house . . . of such person, to any public road . . . shall present a petition to the county court. . . ." Correspondingly, we held that this precursor statute, in implementation of the earlier constitutions, also authorized the county court to exercise the power of eminent domain to open roads to landlocked areas. *Roberts* v. *Williams*, 15 Ark. 43 (1854).

■ Article 2, section 23 of the state constitution provides, "The State's ancient right of eminent domain . . . is herein fully and expressly conceded," and we have held that the procedure for exercising the power is a matter of legislative regulation. *Cannon* v. *Felsenthal*, 180 Ark. 1075, 24 S.W.2d 856 (1930). In sum, the General Assembly was within its province in authorizing the county court to exercise the power of eminent domain to give access to landlocked tracts, and it clearly did so in Ark. Code Ann. § 27-66-401 (1987).

At the same time, Article 12, section 3 empowers the General Assembly to provide for the organization of cities and towns, and the General Assembly may confer on cities and towns the power and supervision of streets within their boundaries. *Sanderson* v. *Texarkana*, 103 Ark. 529, 146 S.W. 105 (1912). The first legislature that assembled after the adoption of the present constitution enacted the statute codified as Ark. Code Ann. § 14-301-101 (1987), which provides that the city council shall: "(1) Have the care, supervision, and control of all the public highways, bridges, streets, alleys, public squares, and commons within the city; and (2) Cause those public highways, bridges, streets, alleys, public squares, and commons to be kept open and

in repair, and free from nuisance."

In this case both the county court and the circuit court held that Ark. Code Ann. § 14-301-101 (1987), quoted above, divested the county court of jurisdiction to open roadways to landlocked tracts located within city limits.

█ One of the chief objectives of incorporating a municipality is to give the executive and legislative branches of the municipality control and supervision over the streets within the municipal limits and to charge those branches of municipal government with the duty to plan and keep and maintain the streets in suitable and safe condition. Neither the constitution nor the applicable statutes contemplate both the county court and the municipality having the executive and legislative control and supervision over the streets within the city. *Sanderson v. Texarkana.* Clearly, the control and supervision of streets within the municipality is given to the executive and legislative branches of the municipality. No street within the city may be dedicated to the city until accepted and confirmed by a municipal ordinance specially passed for that purpose. Ark. Code Ann. § 14-301-102 (1987).

██ However, the statute giving the executive and legislative branches of the municipality supervision and control of the streets has not taken jurisdiction from the county court for three distinct reasons. First, the constitution gives jurisdiction to the county court. An act of the legislature could not change that jurisdiction. Second, no other court is given jurisdiction by the constitution to exercise the power of eminent domain in cases such as the one at bar. Under the trial court's ruling a person inside the city would not have any judicial relief, while a person outside the city would. Neither the constitution nor the statutes contemplate such a denial of equal protection. Article 7, section 28 provides, "The county courts shall have *exclusive original jurisdiction in all matters relating to county . . . roads. . . .*" (Emphasis added.) The applicable statute, Ark. Code Ann. § 27-66-401 (1987), gives the county court the power of eminent domain to create a road, "[w]hen the lands . . . *of any owner* is so situated." (Emphasis added.) Neither the constitution nor the statute limit applicability of the proceeding to the unincorporated geographic area of the county. Third, there is no real conflict

between the county court's jurisdiction to exercise the power of eminent domain to give the owner of a landlocked tract a private roadway out of his land and a statute giving municipalities the control and supervision of city streets. Section 27-66-401 of the Arkansas Code Annotated of 1987 authorizes the county to establish a "private" road out of the landlocked tract, and, while it may be a public road in the sense that anyone who has occasion to use the road may do so, *Dowling v. Erickson*, 278 Ark. 142, 644 S.W.2d 264 (1983), it is still a private road, and the individual who petitions county court for the establishment of a private road out of a landlocked tract is responsible for the maintenance of that private road. *Carter v. Bates*, 142 Ark. 417, 218 S.W. 838 (1920). Quite differently, a city does not have to accept the control and supervision and concurrent cost of maintenance of a city street unless it chooses to do so. *See* Ark. Code Ann. § 14-301-102 (1987).

The circuit court also held that it would amount to a violation of the separation of powers doctrine to allow the county court to exercise jurisdiction within the city. We summarily dispose of the contention by reciting that the constitution gives the county "exclusive original jurisdiction" of county roads. In *Road Improvement District No. 1 v. Glover*, 89 Ark. 513, 117 S.W. 544 (1909), we clearly affirmed the plain language in the constitution relative to the exclusive jurisdiction of the county court over roads. There simply is no violation of the separation of powers doctrine.

The circuit court also held that the petition in this case amounted to an unconstitutional use of the power of eminent domain. While we have held to the contrary, *Dowling v. Erickson*, 278 Ark. 142, 644 S.W.2d 264 (1983), we do not address the issue. The county court held that it did not have jurisdiction to hear the case, and the circuit court affirmed that holding. Therefore, the trial court never determined the merits of the use of the power of eminent domain, and we will not do so in an advisory capacity.

Reversed and remanded for proceedings consistent with opinion.

GLAZE, CORBIN, & BROWN, JJ., dissent.

ROBERT L. BROWN, Justice. The majority opinion holds that county judges can open roads within the city limits of an incorporated municipality without city permission or even city involvement. I disagree that that is the law.

There is no doubt that the 1874 Arkansas Constitution gave county courts exclusive original jurisdiction over county roads. Ark. Const. art. 7, § 28. In addition, four years prior to the adoption of the 1874 Constitution, the General Assembly enacted Act 26 of 1871, now codified as Ark. Code Ann. § 27-66-401 (1987), which provided that county courts could authorize private roads for landlocked persons to run over the lands of others in order to access public roads. Subsequent case law by this court, however, made it clear that Act 26, though referencing private roads, in actuality empowered county courts to establish public roads because anyone who had occasion to use the roads might do so. *Dowling* v. *Erickson*, 278 Ark. 142, 644 S.W.2d 264 (1983); *Bowden* v. *Oates*, 248 Ark. 577, 452 S.W.2d 831 (1970); *McVay* v. *Stupenti*, 227 Ark. 224, 297 S.W.2d 769 (1957); *Pippin* v. *May*, 78 Ark. 18, 93 S.W.2d 64 (1906).

One year after the adoption of the 1874 Constitution, the General Assembly enacted Act 1, which endowed the cities with authority to open streets within their boundaries. Act 1 of 1875, §§ 18 and 30, now codified as Ark. Code Ann. §§ 14-54-601 (1), 14-301-104 (1987). The exclusive power of the cities to open their streets has remained inviolate for over a century. Indeed, this Court long ago recognized the superior power of the cities to operate within their boundaries. *See Sanderson* v. *Texarkana*, 103 Ark. 529, 146 S.W.2d 105 (1912). The majority cites *Sanderson* for the proposition that city streets are public roads of the county. Carried to its logical conclusion, this means that county courts could assert exclusive jurisdiction over city streets at any time under Article 7, § 28. Such a conclusion would render horrendous results.

In *Sanderson*, we clarified the role of the city and the county with respect to public roads:

> It is hardly to be supposed that it was the intention of any enactment, either of the Constitution or of the Legislature, to authorize two agencies with co-ordinate power to have control and supervision over the streets of a city when the

effect might be to enable each to thwart the other and to play at cross purposes. And so the first Legislature that assembled after the adoption of the Constitution granted to municipal councils the power to lay out, open, establish, improve and keep in repair the streets within their corporate limits. Kirby's Digest, § 5456. By virtue of the constitutional provision authorizing the organization of municipal corporations by the Legislature, and the immediate legislation had thereafter, the supervision over public highways or streets within cities and towns was confided to the authorities of the municipalities, and by the constitutional provisions of section 28, article 7, and legislative enactments thereunder, the jurisdiction over highways or the roads in the county outside of municipalities was confided to the county court. Both the streets in municipalities and the highways outside of them are public roads. . . .

103 Ark. at 534, 146 S.W.2d at 107. We thus stated that the Arkansas Constitution (and specifically Article 12, § 3) gave the General Assembly the authority to open public roads inside the city, and the county retained that authority in unincorporated areas. The jurisdictional lines appeared clear until this decision.

Now this Court has taken the position that county judges may open public roads within city limits under the authority of Act 26 of 1871 and Article 7, section 28, of the Arkansas Constitution. The majority concludes in this fashion in the face of the municipal street legislation enacted as part of Act 1 of 1875 under the authority of Article 12, § 3 of the Arkansas Constitution, and despite the fact that there has been no case in this court over the past one-hundred eighteen years where the county courts attempted to exercise such an extraordinary power.

The cases, and they are legion, have all concerned the opening of roads for landlocked persons in rural areas and unincorporated parts of the county. *See Bean* v. *Nelson,* 307 Ark. 24, 817 S.W.2d 415 (1991) [adjacent 40-acre tracts of land]; *Attaway* v. *Davis,* 288 Ark. 478, 707 S.W.2d 302 (1986) [12-acre tract]; *Armstrong* v. *Harrell,* 279 Ark. 24, 648 S.W.2d 450 (1983) [Mayflower School District]; *Dowling* v. *Erickson, supra,* [appellant's land completely surrounded by appellee's land];

*Ahrins* v. *Harris*, 250 Ark. 938, 468 S.W.2d 236 (1971) [7-acre and 172-acre tracts near Palarm Creek in Faulkner County]; *Bowden* v. *Oates, supra,* [land near county road in Pope County]; *Riggs* v. *Bert*, 245 Ark. 515, 432 S.W.2d 852 (1968) [best use of land for grazing cattle]; *Armstrong* v. *Cook*, 243 Ark. 230, 419 S.W.2d 308 (1967) [adjoining farm lands]; *McVay* v. *Stupenti, supra,* [lands along a drainage canal west of Marion]; *White* v. *Grimmett*, 223 Ark. 237, 265 S.W.2d 1 (1954) [outlying lands in Pulaski County]; *St. Louis-San Francisco Ry. Co.* v. *Logue*, 216 Ark. 64, 224 S.W. 2d 42 (1949) [property "near Fayetteville"]; *Parrott* v. *Fullerton*, 209 Ark. 1018, 193 S.W.2d 654 (1946) [two adjacent 40-acre tracts of land]; *Roth* v. *Dale*, 206 Ark. 735, 177 S.W.2d 179 (1944) [40-acre tracts]; *Mohr* v. *Mayberry*, 192 Ark. 324, 90 S.W.2d 963 (1936) [private road sought across 9-acre farm to connect 30-acre farm with Highway 27 near Mt. Ida]; *Houston* v. *Hanby*, 149 Ark. 486, 218 S.W. 838 (1921) [small farm in Madison County]; *Carter* v. *Bates*, 142 Ark. 417, 218 S.W. 838 (1920) [proposed road ran through field that was valuable for cultivation]; *Pippin* v. *May, supra,* [80 acres in St. Francis County]; *see also Powell* v. *Miller*, 30 Ark. App. 157, 785 S.W.2d 37 (1990) [25-acre tract of land in Washington County]. Two additional cases give no indication of the character of the locale, but there is no suggestion in either decision that the road was authorized within city limits. *Castleman* v. *Dumas*, 279 Ark. 463, 652 S.W.2d 629 (1983); *Ricci* v. *Poole*, 253 Ark. 324, 485 S.W.2d 728 (1972).

The decision today has the potential for wreaking havoc on city planning. It most certainly opens the door to myriad requests to county courts for improved access within city limits. Ms. Yates's remedy should lie with her city council — not the county judge.

I would affirm the circuit court and hold that the county courts are without jurisdiction to open public roads inside a municipality.

GLAZE and CORBIN, JJ., join.