The Honorable Charles L. Ormond State Representative 1500 View Street Morrilton, AR 72110-3725
Dear Representative Ormond:
I am writing in response to your request for an opinion on the following question:
 Does a county have jurisdiction to override a city in the naming of city streets, i.e., can Perry County rename the streets in the City of Casa, therefore requiring the City of Casa to change its current street names and signage?
You indicate that this question is asked with regard to regulations governing 911 emergency assistance. I thus assume that the question is whether the county can rename streets in the city under its 911 regulations for purposes of the 911 emergency system. You have provided no facts relative to the particular 911 system.
RESPONSE
It is my opinion that the answer to this question is in all likelihood "no," unless there is some agreement between the city and the county that would support the county's action in renaming city streets for 911 purposes.[1] In my opinion, the naming of city streets is generally a matter for the city.
This conclusion is based upon the city's general statutory control and supervision of its streets pursuant to A.C.A. § 14-301-101,[2] and the absence of any law conferring authority upon the county to name city streets, either in the context of 911 emergency services or as a general matter. The act governing the establishment of 911 emergency services does not address the naming or renaming of public roadways. See A.C.A. §12-10-301 et seq. It is clear, moreover, that the "system of county roads" that is operated by the county judge in an executive capacity under Amendment 55 to the Arkansas Constitution does not encompass city streets, but rather extends to the "unincorporated areas of the county[.]" A.C.A. § 14-14-1102 (b) (1) (Repl. 1998). This, in my opinion, distinguishes the question at hand from previous Attorney General opinions that have addressed questions involving the naming or renaming ofcounty roads or private roads in the county. See Op. Att'y Gen. Nos.96-373 (the county judge has the authority and responsibility to name county roads when such roads are established); 96-375 (county judge has authority to name or rename county roads for the purpose of implementing a 911 system, based on his constitutional power and duty to operate the system of county roads); 96-346 (county government may rename a private roadway in the course of establishing a 911 system for the county).
I am aware, in reaching this conclusion, of the county court's jurisdiction over all public roads in the county pursuant to Ark. Const. art. 7, § 28.[3] I am also cognizant of the Arkansas Supreme Court's holding that this jurisdiction includes streets within a city. Yates v.Sturgis, 311 Ark. 618, 846 S.W.2d 633 (1993), citing Sanderson v.Texarkana, 103 Ark. 529, 146 S.W. 105 (1912). In my opinion, however, this jurisdiction is not implicated in the case at hand. In bothSanderson and Yates, the court was addressing legislative enactments or statutory proceedings that authorized some county court action with respect to roads. (Sanderson involved a 1911 act governing the apportionment of a county road tax, and Yates involved the county court's exercise of eminent domain to open a private road pursuant to an 1871 statute, A.C.A. § 27-66-401). The question in these cases was whether the authorized action could extend to city streets (Sanderson) or apply within city limits (Yates). The court in each case concluded that the answer was yes after observing that "[t]he streets of a municipality are public roads of the county. . . ." Yates, 311 Ark. at 620, quoting fromSanderson, 103 Ark. at 533.
It is clear from a reading of these cases that this latter observation was made in the context of questions involving the application of particular statutes that implicated the county court's exclusive jurisdiction over county roads under Ark. Const. art. 7, § 28. It should not, in my opinion, be taken to mean that the county has general regulatory control or jurisdiction over city streets. To the contrary, as was recognized in both of these cases, the supervision and control of streets within a city is confided to the municipality. Sanderson,103 Ark. at 534; Yates, 311 Ark. at 622. Indeed, the court in Sanderson
stated as follows in this regard:
 It is hardly to be supposed that it was the intention of any enactment, whether of the Constitution or of the Legislature, to authorize two agencies with co-ordinate power to have control and supervision over the streets of a city when the effect might be to enable each to thwart the other and to play at cross purposes. And so the first Legislature that assembled after the adoption of the Constitution granted to municipal councils the power to lay out, open, establish, improve and keep in repair the streets within their corporate limits. Kirby's Digest, § 5456. By virtue of the constitutional provision authorizing the organization of municipal corporations by the Legislature [Ark. Const. art. 12, § 3], and the immediate legislation had thereafter, the supervision over public highways or streets within cities and towns was confided to the authorities of the municipalities, and by the constitutional provisions of section 28, article 7, and legislative enactments thereunder, the jurisdiction over highways or the roads in the county outside of municipalities was confided to the county court.
103 Ark. at 534 (emphasis added).
The court in Sanderson concluded, nevertheless, that the legislature could provide for apportionment of the road tax to the city for its streets, finding no conflict between art. 7, § 28 and the tax distribution statute. Id. at 534-535. And in Yates, the eminent domain statute was held applicable to landlocked tracts located within city limits because neither art. 7, § 28 nor the statute is limited to the unincorporated area of the county; and there is no conflict, according to the court, between the county court's jurisdiction to exercise the power of eminent domain and the statute giving the city supervision over its streets. 311 Ark. at 622-623. These cases are, however, clearly distinguishable from the case at hand. Unlike the issues presented inSanderson and Yates, the question before us presents no potential conflict between the city's supervision and control of its streets and the county court's jurisdiction over county roads because there is no statute in this instance implicating the county court's jurisdiction. As I understand your question, the county would be proceeding under its 911 regulations in renaming the city streets. You have not indicated whether this would be done by ordinance or by order of the county judge. But in either case, the effort would fail in my opinion. The quorum court's local legislative authority with respect to a "plan of public roadways" extends to the unincorporated area of the county. See A.C.A. § 14-14-1102
(b) (1). The county judge is responsible, in turn, for operating the system of county roads (Ark. Const. amend. 55, § 3); and he does so in an executive capacity, not by order of the county court. See A.C.A. §14-14-1102 (a). It thus seems clear that any administrative action of the county judge pertaining to the operation of the county road system applies only to the unincorporated area of the county as well.
I thus find no constitutional or statutory support for legislative or administrative action by the county in naming or renaming city streets in this instance for purposes of implementing a 911 emergency system. Nor, as discussed above, does your question implicate the county court's jurisdiction under Ark. Const. art. 7, § 28. Certainly, in the event of a conflict between county court's jurisdiction and the city's control and supervision of its streets, the latter must yield. Cf. Butler v. City ofLittle Rock, 231 Ark. 834, 332 S.W.2d 812 (1960) (no conflict shown between the exclusive jurisdiction of the county court over county roads and other internal improvements and the city's jurisdiction over the recording of plats). I perceive no such conflict in this instance, however.
In conclusion, therefore, it is my opinion that the city's statutory power to supervise and control its streets will prevail in the face of an attempt by the county to rename city streets under county regulations pertaining to 911 emergency services. The city may nevertheless wish to cooperate with the county in this regard, in order to facilitate the 911 system and ensure prompt service. In my opinion, however, the county cannot rename the streets independently of the city.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] As noted, I have no information regarding the 911 system at issue. I assume that the county is providing 911 services within the city, but I do not know the surrounding circumstances. The Arkansas Public Safety Communications Act of 1985 provides that one political subdivision's "911 public safety communications center" may be designated to serve another political subdivision through a written mutual aid agreement. A.C.A. §12-10-304 and -305 (Repl. 1999). Any such agreement in this instance should be referenced as a possible basis for the county renaming city streets. I lack sufficient facts to make this determination, and I cannot in any event construe agreements between the city and the county. Such matters fall outside the ordinary scope of an opinion from this office.
[2] Subsection (1) of § 14-301-101 states that "[t]he city council shall . . . [h]ave the care, supervision, and control of all the public highways, bridges, streets, alleys, public squares, and commons within the city[.]"
[3] Article 7, Section 28 provides in relevant part that "[t]he county courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries,. . . ."