ROAD IMPROVEMENT DISTRICT No. 1 v. GLOVER.

Opinion delivered March 8, 1909.

1. IMPROVEMENT DISTRICTS—THEORY.—Improvement districts are sustainable only upon the theory that the local assessment levied to pay for an improvement is imposed upon property specially and peculiarly benefited by the improvement to an amount equal to the assessment. (Page 516.)

2. SAME—LIMIT OF EXTENSION.—An improvement district should not be extended beyond the limits of the benefits of the improvements made in pursuance of the object of its organization, and should not be so extended by many and independent improvements as to include territory in no wise affected by all the improvements. (Page 516.)

3. SAME—EXTENSION.—The State cannot be organized into a district to construct or maintain road improvements to be paid for with money derived from local assessments. (Page 516.)

4. SAME—ORGANIZATION OF COUNTY INTO DISTRICT.—A county cannot be organized into a district for the construction, repair and maintenance of roads without usurping the exclusive jurisdiction of roads vested in the county court by the Constitution. (Page 516.)

5. SAME—CANNOT CREATE NEW ROADS.—The Legislature can authorize the organization of a part of a county into a road district for the purpose of repairing, maintaining and improving public roads in such district already in existence, but not for the purpose of laying out and establishing new public roads. (Page 517.)

6. SAME—EFFECT OF ACT.—The act of April 4, 1907, providing for the creation of improvement districts for the building, construction, maintenance and repair of public roads, is inoperative for failure to pro-

vide a mode by which the assessments upon the lands benefited shall be made. (Page 517.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*J. C. Marshall,* for appellant.

1. The act is not objectionable on the ground that it conflicts with art. 7, § 28, Const. This court has held that the term "taxes" as here used meant general taxes, and the term internal improvements and local concerns referred to those for general county purposes, and not for local purposes. 21 Ark. 40; 48 Ark. 370; 59 Ark. 513; 64 Ark. 562. A similar construction of the word "roads" relieves the act of any objection as to its constitutionality. If the view be taken that the building of roads by local assessments constitutes internal improvements in the same sense that levees so built are, the jurisdiction of the county court is not ousted. 79 Ark. 154.

2. Assessments may be made either according to the value of the lands or according to the benefits. 69 Ark. 68, 78; 77 Ark. 384; 81 Ark. 562; 181 U. S. 394. The act in question adopts the former method. It must be understood to limit assessments to benefits. 71 Ark. 17, 27.

*Ratcliffe, Fletcher & Ratcliffe,* for appellee.

1. The act conflicts with art. 7, § 28, Const., conferring on county courts "exclusive original jurisdiction in all matters relating to county taxes, roads, bridges," etc. 32 Ark. 131, 140; 2 Cooley, Torts (3d) 806; 21 Ark. 40; 79 Ark. 154.

2. A special assessment can be supported only on the theory that the property assessed will be specially benefited by the improvement for which the assessment is levied. The assessment must not exceed the benefit, and must be apportioned according to the benefit. 48 Ark. 370 *et seq.,* and authorities cited; 69 Ark. 76-8; 71 Ark. 21-7; 172 U. S. 269; Cooley on Taxation (2d Ed.) 638 n. 3 and 639, 661; 48 Ark. 370 *et seq.;* 125 U. S. 345; 31 L. Ed., 763; 72 Ark. 119; 181 U. S. 324; 149 U. S. 30, 37 L. Ed. 637; 59 Ark. 513. The act has not provided specifically that the assessment shall be in proportion to the value of the property, hence no provision that the benefits shall be in proportion to the value. The manner

of apportioning the assessments must be got, if at all, by construction.

BATTLE J.   Sections one, two and nine of the act entitled "An act to provide for the creation of improvement districts for the building, constructing, maintaining and repairing of public roads in the State of Arkansas," approved April 4, 1907, are, in part, as follows:

"Section 1.   Whenever a majority in value of the landowners of any county, or part of a county, such majority in value to be determined by the assessment for the purposes of general taxation in force at the time, shall present a petition to the county court of any county in this State, praying for the formation of a road improvement district, the said county court shall, after having given notice for twenty days by printed copies posted in ten places in said county or a part thereof, one of which shall be posted on the principal door of the court house of said county, determine the fact that such petition is so signed by such majority in value of said land owners.   *   *   *

"Section 2.   *   *   *   Upon ascertaining, as aforesaid, that the necessary majority in value of the land owners have requested the formation of said district, the said county court shall make an order declaring the same to be and exist under the name and style 'Road Improvement District No. ...... of the County of ................' That the said district shall be and become a body politic and corporate by said name, and may sue and be sued, implead and be impleaded, and have perpetual succession for the purpose of building, constructing, repairing, and maintaining, within the territory described in said petition and order, such public roads as may from time to time be designated by the board of directors thereof, to be chosen as hereinafter stated."

"Section 9.   All roads built, constructed, maintained, and repaired under the authority of this act shall be public roads, and, after the roads shall have been built, constructed, maintained, and repaired, the same shall be and constitute a part of the general highways of the county, to be thereafter cared for and maintained by the county court out of the general revenues and special road tax authorized by the Constitution and laws of the State of Arkansas."

Is this act valid?   Its object is to authorize the county court

of any county to form such county, or parts thereof, into a district or districts upon petition of a majority in value of the landowners in such county or part of a county, for the purpose of "building, constructing, repairing and maintaining" roads within the district; the cost and expense thereof to be defrayed by assessments upon the lands benefited, with such aid as the county court may contribute.    Such districts are based and sustainable only upon the theory that the local assessments levied to sustain them are imposed upon the property of persons who are specially and peculiarly benefited in the enhancement of the value of their property by the expenditure of the money collected on the assessment; and that while they are made to bear the cost of the local improvement they at the same time suffer no pecuniary loss thereby; "their property being increased in value by the expenditure to an amount at least equal to the sum they are required to pay."    *Rector* v. *Board of Improvement,* 50 Ark. 116, 129.    According to this theory, the district should not extend beyond the limits of the benefits of the improvements made in pursuance of the object of its organization, and should not be so extended by many and independent improvements as to include territory in no wise affected by all the improvements.    It is obvious the State can not be organized into a district to construct or maintain improvements to be paid for with money derived from local assessments.    So counties cannot be organized into districts for the building, repairing and maintaining roads without usurping the exclusive jurisdiction of roads vested in county court by the Constitution. Its roads and need for roads are too numerous, diverse and, independent and some too remote from each other, to be embraced in one district and sustained by local assessments.    In such a case the board of directors of the road district would become a partial substitute for the county court vested with its jurisdiction over roads.    (We do not mean to apply what we have said to improvement districts including cities and towns.    That subject is not presented for consideration in this case, but has been considered in another case.    *Crane* v. *Siloam Springs,* 67 Ark. 30.)

We are of opinion, however, that the Legislature can by a valid act authorize the organization of a part of a county into a road district for the purpose of repairing, maintaining, and improving public roads in such district already in existence,

upon the petition of the majority in value of the landowners in the territory to be affected, the cost and expense of such improvement to be paid with money derived from local assessments; and that this can be done upon the theory before suggested. But a majority of the judges of this court are of opinion that such districts cannot be formed or authorized to lay out and establish new public roads, and impose upon the county court the duty to maintain them, as in section nine of the act. They hold that this would be usurpation of the exclusive jurisdiction of the county court over roads. The writer does not concur in this view.

The act further provides: "That, before any tax is levied under the authority of this act, the several and particular tracts of land that are to be benefited by the building, construction, maintainance, and repair of any existing or contemplated road shall be considered and determined by said board of directors," etc. But there is no provision made for the assessment of the land—no provision as to how the assessment of the land shall be made upon which a tax can be levied. This is a defect which could be easily cured, if we had the power to amend, but that belongs to the legislative department.

Endlich on the Interpretation of Statutes says: "It has been seen that the plain meaning of the language used in a statute will not be departed from in its construction, though the purpose of the enactment be defeated by following it. Upon the same principle, courts cannot supply legislative defects and omissions, although by reason of such the statute becomes, in whole or in part, practically unenforceable or inoperative. So, an act which authorized municipalities, according to the procedure therein described, to open and widen streets, and prescribed a procedure for the opening, but none for the widening of the same, was held to that extent inoperative." *Chaffee's Appeal,* 56 Mich. 244; Endlich on the Interpretation of Statutes, § 22.

In *Jones* v. *Smart,* 1 T. R. 52, Mr. Justice Buller said: "Be that as it may, we are bound to take the act of Parliament as they made it; a *casus omissus* can in no case be supplied by a court of law, for that would be to make laws; nor can I conceive that it is our province to consider whether such a law that has been passed be tyrannical or not."

In *Crawfard* v. *Spooner,* 6 Moore P. C. 1, Lord Brougham

said: "We cannot aid the legislature's defective phrasing of the act; we cannot add, and mend, and by construction make up, deficiencies which are left there."

In *Hobbs* v. *McLean,* 117 U. S. 567, 579, the court said: "When a provision is left out of a statute, either by design or mistake of the legislature, the courts have no power to supply it. To do so would be to legislate and not to construe. 'We are bound,' says Mr. Justice Buller, in *Jones* v. *Smart,* 1 T. R. 44, 'to take the act of Parliament as they made it.' Mr. Justice Story, in *Smith* v. *Rines,* 2 Sumner, 338, 354, 355, observes: 'It is not for courts of justice *proprio Marte* to provide for all the defects or mischiefs of imperfect legislation.' See also *King* v. *Burrell,* 12 A. & E. 460; *Lamond* v. *Eiffe,* 3 Q. B. 910; *Bloxam* v. *Elsee,* 6 B. & C. 169; *Bartlett* v. *Morris,* 9 Port. (Ala.) 266." See also *Lessee of French* v. *Spencer,* 21 How. (U. S.) 228, 238; *Yturbide's Executor* v. *United States,* 22 How. 290, 293.

The foregoing doctrine applies peculiarly to cases like this, where the object of the act may be to incumber lands with liens of local assessments.

It is not necessary to consider other objections to the act in this opinon. The act is inoperative.

Decree affirmed.