PARKVIEW LAND COMPANY *v.* ROAD IMPROVEMENT DISTRICT
NO. I.

Opinion delivered October 25, 1909.

ROADS AND HIGHWAYS—IMPROVEMENT DISTRICTS—STATUTE UNCONSTITU-
TIONAL IN PART.—Acts 1907, c. 247, authorizing the formation of im-
provement districts in Jefferson County, is unconstitutional in so far
as it authorizes the formation of the entire county into one district
and the building and construction of new roads, but such provisions
may be stricken out and the remainder of the act left in force.

Appeal from Jefferson Chancery Court; *John M. Elliott,*
Chancellor; affirmed.

*Daniel Taylor,* for appellant.

The act No. 247, of Acts 1907, is unconstitutional, being a
conflict with section 28, article 7, of the Constitution of Arkan-
sas, which confers exclusive original jurisdiction in all matters
relating to county roads, etc., upon the county court. See
sections 1, 2, 8, 9, 27, 28 of the act. These sections are so re-
pugnant to the Constitution that they should not stand, and
with them eliminated the whole act must fall.

*Taylor & Jones* and *W. F. Coleman,* for appellee.

The act is not so repugnant as a whole to the Constitution
that the unobjectionable purpose of the act to provide for the
improvement of an old county road must necessarily fall with
those provisions contemplating the laying out of new roads. 26
Am. & Eng. Enc. of L., 2d Ed. 570; Suth. Stat. Con., § 170; 70
Ark. 94; 66 Ark. 36; 105 U. S. 305; 8 Cyc. 1140. It is not in
conflict with the provisions of the Constitution giving to county
courts exclusive original jurisdiction in matters relating to
county roads. The word "exclusive" means exclusive of other
courts, and the word "original," as employed, means as distin-
guished from appellate jurisdiction. As to "jurisdiction," see
17 Am. & Eng. Enc. of L., 2d Ed. 1041, and cases cited; 34
Ark. 105.

BATTLE, J. The Parkview Land Company brought suit in
the Jefferson Chancery Court against Road Improvement Dis-
trict No. 1 of Jefferson County, the directors thereof, and Citi-
zens' Bank. It alleged in its complaint as follows: That it is the
owner of certain lands in Jefferson County, and that the same are

situate within the boundaries of Road Improvement District No. 1, "which was formed under act No. 247 of the Acts of 1907, and in conformity with the provisions thereof, for the purpose of constructing about eight miles of macadam and gravel road within the district, assessing the cost thereof against the real property benefited in the district.

"That A. Brewster, P. P. Byrd and J. A. Clement are the duly appointed directors of said district, and that through them, as directors, the district has constructed about eight miles of road in Jefferson County, known as the 'Star City and Cornerville Road,' by grading, ditching and macadamizing same with crushed rock and gravel at a cost of about $30,000, for which bonds have been issued and sold, and pursuant to a resolution of the said board of directors are declared a lien upon the lands embraced in the district.

"That against plaintiff's land there is assessed a total betterment of sixteen dollars, upon which an annual tax of six per centum has been levied by the directors, which, by the terms of the act, is made a lien against all the lands of the district for which it is provided by said act plaintiff's land may be sold, if it be not paid.

"That act No. 247, together with the bonds aforesaid, the assessment of betterments and levy of annual taxes thereon purporting to be a lien against the lands, are invalid, because the act under which the district was formed is in conflict with the provisions of the Constitution of Arkansas vesting exclusive jurisdiction over roads in the county courts.

"That the bonds of the district, together with the assessment of betterments against the lands and levy of the annual tax of six per centum on the betterments provided by the act and claimed to be a lien against the lands, constitute a cloud upon the title of plaintiff to the lands. Unless restrained, the district will annoy plaintiff with numerous suits for the collection of the annual taxes. That the Citizens' Bank is the purchaser and holder of the bonds.

' "Plaintiff prayed that the bonds, together with the resolution, contract and all acts of the board of directors in declaring the bonds to be a lien upon the lands of the plaintiff, be cancelled and held for naught; that the assess-

ment of betterments against the lands and levy of the annual tax before mentioned be cancelled and held for naught, and that the district be enjoined from assessing any betterments against the lands of plaintiff or levying any annual or other tax on such betterments for the purpose of paying the cost of said improvement or reducing the bonds or any thereof, and that plaintiff's title be quieted in it free of such lien."

The defendants answered and denied "that the act conflicts with the provisions of the Constitution. They stated that the improvement contemplated and as actually made was for the purpose of improving a county road in Jefferson County, already in existence, by the construction of what is known as a macadam or gravel road over, upon and along such county road as mentioned in the complaint, for a distance of about eight miles between the terminal points of the county road as stated; that no part of the road is a new road, nor was it contemplated that any portion of such improvement should involve the laying out or establishing of any new public road or any portion thereof whatsoever. They denied that the bonds, assessment of betterments and levy of taxes now claimed and purporting to be a lien on plaintiff's lands are invalid."

The court found that "the improvements contemplated by the formation of Road Improvement District No. 1, and as actually made thereunder, were solely for the purpose of improving a county road in Jefferson County, Arkansas, already in existence, and which county road is an old and established county road of the county, and has been for many years, and that the road so improved is in no part a new road, nor was it contemplated that any portion of such improvement should involve the laying out or establishing of any new public road, or any portion thereof whatsoever," and dismissed the complaint for want of equity. The evidence sustained the findings of the court. Plaintiff appealed.

Appellant contends that act No. 247 of the Acts of General Assembly of 1907, under which Improvement District No. 1 was formed, is unconstitutional, because it is in conflict with section 28 of article 7 of the Constitution, which is as follows: "The county courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries,

paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes and in every other case that may be necessary to the internal improvement and local concerns of the respective counties. * * * *"

The act No. 247 is, in part, as follows: "Section 1. Whenever a majority in value of the owners of real property in a county or any part of a county (such majority in value to be determined by the assessment for purposes of general taxation in force at the time) shall present a petition to the county court of any county in this State, praying for the formation of a road improvement district, the said county court shall, after having given public notice for twenty days by printed copies in ten places in said county or part thereof, one of which shall be posted on the principal door of the courthouse of said county, or by publication in some newspaper published in said county, determine the fact that such petition is so signed by such majority in value of said landowners. * * * *

"After such hearing, or opportunity to be heard, the said county court shall determine, and so enter upon the records, the fact of existence or non-existence of the assent of the said majority in value to the prayer of said petition. If the said county court shall make an order declaring that the said petition contains a minority in value of the landowners within the territory described in said petition and accompanying map, then the said finding shall be entered of record, and shall not thereafter be questioned except for fraud in the making thereof. Upon ascertaining, as aforesaid, that the necessary majority in value of the landowners have requested the formation of said district, the said county court shall make an order declaring the same to be and exist under the name and style of 'Road Improvement District No. .... of the County of ...............' That the said district shall be and become a body politic and corporate by said name and may sue and be sued, implead and be impleaded, and have perpetual succession for the purpose of building, constructing, repairing and maintaining, within the territory described in said petition and order, such public roads as may be mentioned in said petition. * * * *

"Section 3. In the order declaring said road improvement district to exist the court shall appoint three persons, owners

of real property therein, who shall compose a board of directors for the district.  * * * *

"Section 9. The said board of directors shall have, and they are hereby vested with, power and authority, and it is hereby made their duty, to build, construct, maintain, and repair such road or roads within their respective districts as provided in the petition as may be deemed necessary to carry out the improvement contemplated, and in doing so shall expend sums of money authorized to be levied and collected under authority of this act. * * * *

"Section 12. As soon as said board of directors shall have formed the plan of improvement, and shall have ascertained the cost thereof, it shall report the same to the county judge, who shall appoint three electors of the county, who shall constitute a board of assessment of the benefits to be received by the several and particular tracts of lands, or other subdivision of land within said district, by reason of the proposed local improvement. * * * *

"Section 23. Annually during the month of September all road improvement districts created under this act shall file with the clerk of the county in which such improvement district is formed a settlement showing all collections and moneys received and paid out, with proper vouchers for all such payments, which settlement shall lie over for one month for examination and adjustment, during which time any taxpayer of such district may file exceptions to such settlement.

"Section 24. Whether any such exceptions are filed or not, the county court shall proceed to examine such settlement, and shall disallow all unjust charges and credits, if any there be, and shall re-adjust such settlement wherever an improper item may be included in it, which adjustment shall be finally subject to re-examination in a court of chancery for error or mistake, upon suit brought by such board or by any tax payer of such district. * * * *

"Section 28. All roads built, constructed, maintained and repaired under authority of this act shall be public roads, and, after the roads shall have been built, constructed, maintained and repaired, the same shall be and constitute a part of the general highways of the county, to be thereafter cared for and

maintained by the county court out of the general revenues and special road tax authorized by the Constitution and laws of the State of Arkansas. And in building, constructing, maintaining, or repairing said roads it shall be lawful for the county court, from time to time, to supplement, by specific allowances out of the general revenues and special road tax aforesaid, the revenues raised under the authority of this act for the purposes thereof, to the end that the tax levied under the authority of said general laws shall be equitably and fairly apportioned to the several localities in the county, including therein the districts formed under authority of this act."

The act provides that it shall apply only to Jefferson County.

It (act) is not in conflict with the Constitution of this State. Section 28 of article 7 of the Constitution, which defines the jurisdiction of county courts does not specify or indicate in what manner the jurisdiction shall be exercised. In the absence of such specifications, the Legislature has the power to prescribe by appropriate legislation not inconsistent with the Constitution how it shall be exercised. Cooley's Constitutional Limitations (7th Ed.) 126, 236, 242. In the exercise of this power it has from time to time specifically, and without question, prescribed on what conditions and in what manner public roads and highways shall be laid out, opened and repaired, the failure of the county court to comply with the mandatory provisions of which renders the orders and judgment of the court invalid (Kirby's Digest, § § 2992-3016) ; and in the same manner has prescribed how and by what agencies or instrumentalities such roads and highways shall be repaired and maintained (Kirby's Digest, § § 7223-7358) ; and without such legislation the court can do and has done nothing.

Act No. 247 does not usurp the jurisdiction of the county court. It was passed to aid the court in the accomplishment of its object. For that purpose it authorizes the county court to form road improvement districts, to appoint their boards of directors and of assessment of benefits, and requires the directors to annually account to it for moneys received by them, and authorizes the court to aid them (improvement districts) by specific allowances out of the revenues at its disposal for the construc-

tion, repair, and maintenance of roads; and provides that, after "the roads shall have been built, constructed, maintained and repaired, the same shall be and constitute a part of the general highways of the county, to be thereafter cared for and maintained by the county court." When the roads are in the condition the improvement districts were formed to place them, the districts cease to exist, and the roads become subject to the care and control of the county court as they were before the formation of the districts, they (districts) being temporary expedients adopted to assist the county court in doing the work imposed upon it; and not usurpers, but friends and allies of the county court, created by it by authority of the act for the accomplishment of one of its duties—instrumentalities of the county court for that purpose.

If it be true, as contended, that the Legislature cannot authorize the formation of the county into one road improvement district for the purpose of constructing new roads, it can so form a part of the county for the purpose of repairing and improving public roads already in existence, as held in *Road Improvement District No. I* v. *Glover*, 89 Ark. 513, and to that extent act No. 247 is valid. It comes within the rule to the effect that "where a statute is divisible and a portion of it is repugnant to the Constitution, so much of the statute is to be upheld as does not conflict with the Constitution and the enactment sustained by rejecting the objectionable part."

As to when a statute is divisible, Judge Cooley in his work on Constitutional Limitations says: "When, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operating together with the same purpose, or otherwise so connected together in meaning, that it cannot be presumed the Legislature would have passed the one without the other. The constitutional and unconstitutional provisions may be even contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall. The point is not whether they are contained in the same section, for the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance. If, when

the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained. The difficulty is in determining whether the good and bad parts of the statute are capable of being separated within the meaning of this rule. If a statute attempts to accomplish two or more objects, and is void as to one, it may still be in every respect complete and valid as to the other. But if its purpose is to accomplish a single object only, and some of its provisions are void, the whole must fail unless sufficient remains to effect the object without the aid of the invalid portion. And if they are so mutually connected with and dependent on each other, as conditions, considerations, or compensations for each other, as to warrant the belief that the Legislature intended them as a whole, and if all could not be carried into effect the Legislature would not pass the residue independently, then, if some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected must fall with them." Cooley's Constitutional Limitations (7th Ed.), 246-248. See *Little Rock & Ft Smith Ry. Co.* v. *Worthen*, 46 Ark. 312, 328, 329; Ex parte *Deeds*, 75 Ark. 542; *Gray* v. *Matheny*, 66 Ark. 36; *State* v. *Marsh*, 37 Ark. 357; *State* v. *Deschamp*, 53 Ark. 490; *Cribbs* v. *Benedict*, 64 Ark. 555.

The act 247 authorizes the county court of Jefferson County to form the whole of that county, or any part of it, upon a petition of the majority in value of the owners of real property in the territory formed into a road improvement district "for the purpose of building, constructing, repairing and maintaining" public roads within such district. It is obvious that the act is divisible according to the rule as stated by Judge Cooley, and that so much of the act as authorizes the formation of the whole county into one district and authorizes the building and constructing of new roads can be stricken out, and that so much as authorizes the formation of a part of the county into road improvement districts for the repairing, maintaining and improving roads in existence is complete within itself and can be executed in accordance with the apparent legislative intent, without the aid of the part so stricken out and wholly independent of it; and is therefore sustained, and the remainder of the act is re-

jected and declared void. *Road Improvement District No. 1 v. Glover,* 89 Ark. 513.

Having decided the only questions submitted for our consideration, the decree of the chancery court is affirmed.