The Honorable Ron Fields Prosecuting Attorney Sebastian County Courthouse Fort Smith, AR 72901
Dear Mr. Fields:
This is in response to Deputy Prosecuting Attorney Ben Beland's request for an opinion regarding voter affidavits of registration required pursuant to Ark. Const. amend. 51, § 6(a)(3).
You state that recently a potential voter listed on an affidavit "U.S.A." as his place of birth and refused to list his county and state of birth. You state that the voter insisted he had complied with § 6(a)(3) of Amendment 51. You indicate that it is your understanding that county clerks have always required voters to list the county and state of their birth when registering. You state that the confusion stems from a contradiction in the wording of the amendment itself and in information sent to the county clerk from the State Auditor regarding how to register to vote. Section 6(a)(3) of Amendment 51 requires an individual to list the "country or state and country of the voter's birth." The Auditor's memorandum indicates that a voter should list his "country or state and county of birth."
You have asked whether a person who is registering to vote who gives only his country of birth has given sufficient information for the county clerk to list him as a legally registered voter, or whether the clerk should require the person to list his county and state of birth as well.
For the reasons that follow, it is my opinion that one who lists on his affidavit of registration only his country of birth has complied with Section 6(a)(3) and thus would not be ineligible to vote simply because he refused to supply his state and/or county as well.
While the wording in the codification of the amendment requiring an individual to indicate his "country" or "state and country" sounds redundant and might imply a drafting error, a reading of the original text of the initiative petition proposing the amendment reveals that the word "country" does in fact appear twice in § 6(a)(3). A literal reading of the subsection leads to the conclusion that individuals registering to vote must list either their country of birth or both their state and country of birth. There is the potential that a construction could be given to the words to require foreign-born individuals to list their country of birth, and those who were born in the United States to list their state and county of birth. That construction, however, would require one to read into the amendment many words that were not inserted by its framers, and also to employ the process of separation as well as addition of words in order to limit the subsection to the meaning suggested. In fact, it is difficult to see how the amendment, as it was framed, can be given that meaning without inserting a complete sentence. By listing the voter's legal residence, as required by subsection (a)(2), one could presumably ascertain the county in which the voter currently resides and where he would be required to vote. It is not difficult to conceive that the framers did not see the necessity of requiring an individual to list his county of birth as well as his current county of residence.
Settled rules of construction restrain courts from reading words into a statute or constitutional amendment which substantially add to, or take from it as framed. Hodges v. Dawdy,104 Ark. 583, 149 S.W. 656 (1912); Road District v. Glover, 89 Ark. 513,117 S.W. 544 (1909). Where a statute is incomplete or defective, whether as a result of inadvertence, or because the case in question was not foreseen or contemplated, it is beyond the province of the courts to supply the omissions. Hodges v.Dawdy, 104 Ark. at 596. The drafters may have intended something which they failed to express, but it is not within the province of an Attorney General's opinion to supply the additional words essential to an expression of the intention. We cannot say whether it is correct that the words used are redundant or that they are merely words of emphasis. At any rate, written in the amendment is a plain provision requiring potential voters to list, at a minimum, only their country of birth.
The State Board of Election Commissioners, the administrative agency authorized to prescribe detailed specifications of the affidavits of registration, as well as rules and regulations necessary to secure uniform and efficient procedures in the administration of Amendment 51, apparently has not had the occasion to address this specific requirement.[1] See
Ark. Const. amend. 51, § 5(c). There are, additionally, apparently no Arkansas cases addressing this particular registration requirement. Case law does indicate, however, that a liberal interpretation is to be given election laws in order to effectuate the public policy of allowing all those who so desire to participate in the democratic process. See generally
Sutherland Stat. Const. § 71.08 (4th ed. Rev. 1986); Afran v.County of Somerset, 244 N.J. Super. 229, 581 A.2d 1359 (1990). Statutes regulating the rights of citizens to vote are of great public interest and, therefore, are interpreted with a view to securing for citizens their right to vote. See, Sutherland, § 71.08, supra. See also La Fargue v. Wagoner,189 Ark. 757, 75 S.W.2d 235 (1934). Rules of construction also indicate that the initiative power should be broadly construed in order to maintain the maximum power of the people. Sutherland, § 4.09,citing State ex rel. Harper v. Waltermire, 213 Mont. 425,691 P.2d 826 (1984).
Thus, while it is questionable whether the amendment requires a potential voter to list more about his place of birth than just his country, in light of the liberal interpretation afforded election laws, the regulation of voter registration would, in my opinion, be liberally construed as well. Accordingly, in the absence of judicial or administrative interpretation otherwise, it is my opinion that one who lists on a voter affidavit of registration solely his country of birth has complied with Section 6(a)(3) of Amendment 51 and thus would not be ineligible to vote simply because he or she refused to also supply his state and/or county of birth.
It should be noted as well that Amendment 51 prescribes a means by which the legislature may amend any of Sections 5 through 15.See Ark. Const. amend. 51, § 19. Thus, if this issue continues to be problematic, this may be a case where legislative clarification is indicated.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] I cannot conclude that the memorandum from the Auditor's office is dispositive in this instance, in light of the absence of a grant of authority to the State Auditor to interpret or regulate the registration requirements under section 5 of the amendment.