The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the exact authority of the county regarding roads in subdivisions which are in the county but within the growth area of a city. It appears from the memorandum attached to your request that the inquiry is focused on the county's authority to require new roads in subdivisions in a city's planning area.
I am unable to answer this question in the abstract, without reference to a particular factual context. The few cases in this area make it clear that questions involving the county court's jurisdiction over county roads and a municipality's planning jurisdiction must be considered case by case, when the issue(s) can be considered against a background of actual facts. I believe it can be generally stated, however, that in the event of a conflict between the county court's jurisdiction under Ark. Const. art. 7, § 28[1] and a city's subdivision jurisdiction, the latter would have to yield.
The case of Butler v. City of Little Rock, 231 Ark. 834, 332 S.W.2d 812
(1960), is illustrative of this point. Although the court in Butler
upheld the particular exercise of municipal extra-territorial planning jurisdiction in question, it characterized its ruling as "narrow" (231 Ark. at 839), premised as it was upon no showing of a conflict between the county and the city. Specifically, according to the court, there was no showing "that the matter of recording or not recording a plat in any way affects the jurisdiction of the County Court over county roads or internal improvements."[2] Id. at 838. The plat at issue involved land lying within five miles of Little Rock's corporate limits, and thus within the city's so-called extra-territorial jurisdiction. See A.C.A. §14-56-413 (Supp. 1997).
Particularly illustrative, in my opinion, for purposes of your question is the court's discussion of the history of planning legislation and its allusion to the existence of "ambiguities and conflicts" in the various acts dealing with city and county planning. Id. at 839. The court thus noted the potential for conflicts, and concluded its ruling by stating:
 . . . much good may be realized by cities and counties by working in cooperation under the provisions of said Act 186 and Act 202 of 1957.[3] To put it another way, as we see it, the City can follow one of two courses in implementing Act 186. One. The City can secure the approval of the County Court to its projected plans. In such event it seems that all questions of jurisdictional encroachment would be eliminated. Two. It can, as it appears to be doing now, proceed without the County Court's approval. In this event it is possible of course that the County Court will never attempt to exert any jurisdiction it may have in the matter of roads or other internal improvement matters in conflict with City plans. On the other hand, as we have pointed out, the City would be taking the calculated risk.
Id.
The risk assumed by the city emanates from the fact that, according to the court, "[w]here there is a conflict over the exercise of jurisdiction (over matters mentioned in said Section 28 [Ark. Const. art. 7, § 28] between the County Court and any creation of the Legislature the latter must give way." Id. at 837.
The more recent case of Yates v. Sturgis, 311 Ark. 618, 846 S.W.2d 633
(1993), reflects the Arkansas Supreme Court's adherence to the view that Ark. Const. art. 7, § 28 gives the county court jurisdiction over all public roads in the county including streets within a city. The court cited its previous decision in Sanderson v. Texarkana, 103 Ark. 529,146 S.W. 105 (1912), to this effect. Yates, 311 Ark. at 620. A statute authorizing the county court to exercise the power of eminent domain to open roads to landlocked tracts was thus deemed applicable within the city boundaries. Id. at 622. The court recognized the city's control and supervision of streets within the municipality. Id. But it held that the city's power in this regard "has not taken jurisdiction from the county court. . . ." Id. The court based this conclusion on: 1) the county court's jurisdiction pursuant to the constitution (art. 7, § 28, supra); 2) the fact that neither the constitution nor the statute giving the power of eminent domain to create a road is limited to the unincorporated area of the county; and 3) the absence of any "real conflict" between the county court's jurisdiction to open a road in that instance and the statute giving the city control and supervision of its streets. Id. at 622-623.
It becomes apparent that the question of whether there is any "real conflict" between the county and city (Yates), or stated differently, any "jurisdictional encroachment" by the city (Butler) will require a case-by-case determination. I cannot, in the limited format of an opinion, speculate with respect to the resolution of any such conflicts involving the opening of roads. As a general matter, it is my opinion that the city must yield to the county in the event of a conflict between the city's exercise of its planning or subdivision jurisdiction and the county court's exclusive jurisdiction in all matters relating to county roads. Again, however, whether such a conflict indeed exists will likely depend upon the particular facts and circumstances in each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Article 7, § 28 provides in relevant part:
 The county courts shall have exclusive original jurisdiction in all matters related to county taxes, roads, bridges . . ., and in every other case that may be necessary to the internal improvement and local concerns of the respective counties.
[2] Arkansas Code Annotated § 14-56-417 (1987) provides in subsection (c) that:
 Within the area within which the municipality intends to exercise its territorial jurisdiction as indicated on the planning area map, the county recorder shall not accept any plat for record without the approval of the planning commission.
In its ruling, the court upheld the constitutionality ofAct 186 of 1956, the municipal planning legislation which is codified at A.C.A. §§ 14-56-401 through -405.
[3] Act 202 of 1957 was the predecessor to Act 422 of 1977, the current county planning legislation codified at A.C.A. §§ 14-17-201 et seq.
(1987).