The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following questions:
 1. If a city is exercising its jurisdiction in its growth area, is the city given authority to approve subdivisions only? What powers does the county retain, other than roads? For example, can the county approve large-scale developments and mobile home parks? May the county regulate drainage issues?
 2. Does jurisdiction over county roads include not just specifications as to how the road must be built, but also other issues such as configuration of the roads within the subdivision? Can the county require upgrading of an existing county road due to the impact of subdivision?
 3. If a city has adopted the appropriate ordinance and map establishing its growth area but is not actively enforcing its regulations, does the county have the authority to exert its regulations? What if the city is only partially or sporadically enforcing its regulations?
 4. Can the county and city inter into an interlocal agreement as to which will enforce regulations in a growth area?
 5. Can the county enact zoning laws in part or all of any particular growth area?
RESPONSE:
Question 1 — If a city is exercising its jurisdiction in its growtharea, is the city given authority to approve subdivisions only? Whatpowers does the county retain, other than roads? For example, can thecounty approve large-scale developments and mobile home parks? May thecounty regulate drainage issues?
It is my opinion that the answer to your first question in this set of questions is, generally, "yes," assuming that the particular city in issue is not situated on a navigable stream. This follows, in my opinion, from a reading of the statutes pertaining to planning by cities (A.C.A. §§ 14-56-401 et seq.), together with the county planning statutes (A.C.A. §§ 14-17-201 et seq.)
A city clearly has planning jurisdiction within its growth area, i.e., within its extraterritorial area. See A.C.A. § 14-56-413(a)(1)(A) (stating that "[t]he territorial jurisdiction . . . shall be exclusive and shall include all land lying within five (5) miles of the corporate limits.") And the current statutes pertaining to planning by cities and counties contemplate a city having "subdivision jurisdiction" within its extraterritorial area as long as the city is exercising its authority in that area. See A.C.A. § 14-17-208(i).[1] Unless the city is located on a navigable stream, however, its authority to control the development of land within its extraterritorial area does not include zoning authority.See Op. Att'y Gen. 91-340 (concluding that a city with a planning commission has the authority to plan but not zone within its extraterritorial jurisdiction). See also generally Economy WholesaleCo., Inc. v. Rodgers, 232 Ark. 835, 430 S.W.2d 583 (1960) (noting that a land-use plan is not a zoning ordinance).[2]
Thus, in the case of a city that is not situated on a navigable stream, it appears that the city's approval authority with respect to land development in its extraterritorial area is generally limited to subdivision approval, and does not include zoning of this area as to land use. The county, as a general matter, has zoning authority in the unincorporated area. See A.C.A. § 14-17-209. In response to the second part of the above set of questions, therefore, it is my opinion that the county generally retains the power to enforce its zoning ordinance in the city's growth area. Id. It is thus possible that the county's approval of large-scale developments and mobile home parks will in fact be required, depending upon the county zoning ordinance.[3]
It must also be recognized, with regard to the county's retained powers, that in accordance with Article 7, Section 28 of the Arkansas Constitution, "[t]he county court shall have exclusive original jurisdiction in all matters relating to county . . . roads, . . . and in every other case that may be necessary to the internal improvement and local concerns of the [county]." As previously opined by this office, in the event of a conflict between the county court's jurisdiction under art. 7, § 28 and a city's subdivision jurisdiction, the latter would have to yield. Op. Att'y Gen. 98-009, citing Yates v. Sturgis, 311 Ark. 618,846 S.W.2d 633 (1993) and Butler v. City of Little Rock, 231 Ark. 834,332 S.W.2d 812 (1960). The court in Butler noted the potential for conflicts in the various statutes dealing with city and county planning; and it warned that if a city did not secure the county court's approval of its projected plans, it would take the "calculated risk" that the county court might at some point exert its jurisdiction over roads or other internal improvement matters. 231 Ark. at 839.
This overriding preemption principle must be borne in mind when addressing any question involving a city's exercise of its statutory planning and subdivision jurisdiction within its extraterritorial area. Although the statutes do not contemplate both the county planning board and a city planning commission exercising subdivision jurisdiction in the city's growth area, it is clear that the county court retains its constitutional jurisdiction in matters relating to roads and the internal improvement of the county. Conflicts or questions of "jurisdictional encroachment" (Butler, supra) may thus arise. Whether the county and the city are attempting to exercise control or jurisdiction over the same thing or the same subject matter will, however, involve a question of fact in each instance. Id.
With regard to your question involving the county's authority to regulate drainage issues, it may well be that the county court's exclusive jurisdiction, as a constitutional matter, "in all matters relating to county . . . roads" (art. 7, § 28, supra), provides the basis for the county's regulatory authority in this regard. A conclusive answer cannot be provided, however, without considering all of the surrounding facts and circumstances.
Question 2 — Does jurisdiction over county roads include not justspecifications as to how the road must be built, but also other issuessuch as configuration of the roads within the subdivision? Can the countyrequire upgrading of an existing county road due to the impact ofsubdivision?
It is my opinion that the answer to both of these questions is in all likelihood "yes," pursuant to Ark. Const. art. 7, § 28, supra.
Question 3 — If a city has adopted the appropriate ordinance and mapestablishing its growth area but is not actively enforcing itsregulations, does the county have the authority to exert its regulations?What if the city is only partially or sporadically enforcing itsregulations?
I must note initially in addressing these questions that I am somewhat uncertain as to what is meant by the city not "actively enforcing" or "only partially or sporadically enforcing" its regulations. Assuming that the city has in fact included the unincorporated growth area on its planning map, then it is clear that the city has plat approval authority for this area. This is in accordance with A.C.A. § 14-56-417(c), which states:
 [w]ithin the area within which the municipality intends to exercise its territorial jurisdiction as indicated on the planning area map, the county recorder shall not accept any plat for record without the approval of the [city] planning commission.
Your questions arise, I assume, from certain language in the county planning statutes regarding a city exercising its extraterritorial jurisdiction. Section 14-17-208 (i) and (l) make reference to the "exercised" extraterritorial subdivision jurisdiction. Subsection (i) of § 14-17-208 states that a city shall have subdivision jurisdiction "[i]n unincorporated areas adjoining the corporate limits . . . in which the authority to control the subdivision of land is vested and beingexercised in accordance with and under the provisions of §§14-56-401—14-56-408 and 14-56-410—14-56-425 [the city planning statutes]. . . ." Subsection (l) of § 14-17-208, in addressing the county recorder's acceptance of plats, refers to the "exercised
extra-territorial jurisdiction of a municipality."
It is my opinion that the city exercises its jurisdiction through its action or inaction with respect to plat approval following its inclusion of the unincorporated growth area on the planning map. The city's jurisdiction is established once the city has designated its territorial area. This jurisdiction is not dependent, in my opinion, upon the extent to which the city actually exerts its regulations. It is my opinion that any authority of the county to exert its regulations in the city's growth area under this scenario, i.e., where the city has included this area on its planning map, would likely emanate from the constitution (art. 7, § 28, supra), rather than the planning statutes.
Question 4 — Can the county and city inter into an interlocal agreementas to which will enforce regulations in a growth area?
It is my opinion that the answer to this question is, generally, "yes." The particular agreement would, however, have to be considered. And it appears that this would not affect the county recorder's duty under A.C.A. § 14-56-417(c), supra, with respect to plat approval.
Question 5 — Can the county enact zoning laws in part or all of anyparticular growth area?
The answer to this question is "yes," assuming that this pertains to a city not situated on a navigable stream. In accordance with A.C.A. § 14-17-209(a):
 [t]he county planning board shall have authority to prepare, or to cause to be prepared, a zoning ordinance for all or part of the unincorporated area of the county. . . . [Emphasis added.]
It seems clear that this authority extends to a city's extraterritorial growth area (assuming that the city is not situated on a navigable stream). As discussed above, such a city, in my opinion, has the authority to plan, but not zone, within its extraterritorial area.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Section 14-17-208 (i) states:
 [i]n unincorporated areas adjoining the corporate limits of a municipality in which the authority to control the subdivision of land is vested and is being exercised in accordance with and under the provisions of §§ 14-56-401—14-56-408 and 14-56-410—14-56-425, or any amendments thereto or thereof, or other acts of a similar nature enacted by the General Assembly, the municipal authority shall have subdivision jurisdiction. . . .
In accordance with A.C.A. § 14-56-417, a developer must obtain plat approval from the city planning commission. See also A.C.A. § 14-17-208
(l) (regarding the county planning board's approval authority with respect to plats in the unincorporated area of the county "not within the exercised extra-territorial jurisdiction of a municipality.")
[2] The court in Rodgers stated that "[the land-use plan] is merely a broad declaration of policy, specifying in a general way the uses to which the land in and near the city is now being put and to which it may be put in the future." 232 Ark. at 838.
[3] Arkansas Code Annotated § 14-17-209 (b) states that in developing zoning districts, a county planning board must give "due consideration . . . to the adopted plans of municipal planning commissions for extraterritorial planning areas."