The Honorable David Malone State Senator P.O. Box 1948 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 In light of the County Court's constitutional authority and the Supreme Court's decisions in the cases of Butler v. City of Little Rock, 231 Ark. 834, 844 S.W.2d 812 and Yates v. Sturgis, 311 Ark. 618, 846 S.W.2d 633, and Attorney General Opinions 94-343, 97-181, 97-182 and 98-009, are any ordinances passed by the Quorum Court regarding roads and ordinances passed by the cities regarding roads in subdivisions in their growth areas unconstitutional?
RESPONSE
It is my opinion that this question can only be answered with reference to specific ordinances. As a general proposition of law, neither a quorum court nor a city council possesses authority to pass an ordinance that would interfere with the exclusive original jurisdiction of the county court under Article 7, Section 28 of the Arkansas Constitution, or with the county judge's operation of the system of county roads under Section 3 of Amendment 55 to the Arkansas Constitution, or with the constitutional or statutory authority of the county judge which existed at the time of the adoption of amend. 55, § 3.
The basis for this general proposition is aptly set forth in Attorney General Opinion 97-181, a copy of which in enclosed for your convenience. I will not repeat the analysis therein, except to note that it is apparent from a reading of that opinion that a local (county or city) ordinance regarding roads could be unconstitutional if it interfered with the constitutional and statutory power of the county judge or county court over county roads. Whether such "jurisdictional encroachment" occurs will depend upon the particular ordinance in question.[1] I cannot, in the limited format of an opinion from this office, speculate as to the constitutionality of any number of hypothetical ordinances. This will be a matter for the county or city attorney to address when considering specific proposed ordinances, bearing in mind the principles enunciated in the Arkansas Supreme Court cases and the Attorney General opinions cited in your correspondence.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosure
[1] The court in Butler, supra, used this phrase "jurisdictional encroachment" when noting that a city could secure the county court's approval of the city's projected plans for the area within its extraterritorial jurisdiction and thereby avoid a jurisdictional conflict. 231 Ark. at 839.