The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601-2309
Dear Representative Milum:
I am writing in response to your request for an opinion on a question that has been presented following the issuance of Attorney General Opinion 2001-160 regarding a city's extraterritorial planning jurisdiction. You have posed the following additional question in this regard:
 In a situation where a municipality prepares a planning area map which would include only two miles of its five-mile territorial jurisdiction, could/would a county plan exercise any control over the remaining three miles or would the county plan be restricted to the unincorporated areas beyond the five miles?
RESPONSE
If the remaining three miles are not included on the city's planning area map, then in my opinion a presumption arises that the city does not intend to exercise its extraterritorial jurisdiction to control the development of land in that area. I believe the county plan could in that instance likely exercise control in the sense that the county planning board could presumably exercise subdivision jurisdiction in that three-mile area. I am uncertain what other "control" a county plan might exercise in the area.
I concluded in Opinion 2001-160 that the city will have planning jurisdiction over the five-mile extraterritorial area if that area is included in the planning area map, regardless of whether the city has adopted plans for the area. Id. at 2. The main point of the Opinion, in response to the question posed, was that the absence of plans or ordinances or regulations will not be determinative of whether the city is exercising its extraterritorial jurisdiction. Rather, the planning area map must be referenced to identify those areas in which the city intends to exercise its jurisdiction.
Your question now focuses more narrowly on the planning area map, and the significance of the city not including a particular portion of its extraterritorial area on the map. Arkansas Code Annotated § 14-56-417(c) (Repl. 1998) must be noted in this regard. This Code section provides as follows:
 Within the area within which the municipality intends to exercise its territorial jurisdiction as indicated on the planning area map, the county recorder shall not accept any plat for record without the approval of the planning commission.
This reference to the city's "exercise" of its territorial jurisdiction for purposes of obtaining plat approval is echoed in A.C.A. § 14-17-208, a provision in the county planning subchapter of the Code governing county subdivision, setback, and entry control ordinances. Section14-17-208 states in relevant part as follows under subsection (i):
 In unincorporated areas adjoining the corporate limits of a municipality in which the authority to control the subdivision of land is vested and is being exercised in accordance with and under the provisions of 14-56-401—14-56-408 and 156-410-14-56-425, or any amendments thereto or thereof, or other acts of a similar nature enacted by the General Assembly, the municipal authority shall have subdivision jurisdiction but shall transmit copies of proposed plats for the areas to the board for review and comment, which shall be made to the municipal authority within sixty (60) days from the time it is received by the board unless further time is allowed by the municipal authority. [Emphasis added.]
The converse of the language emphasized above would appear to establish the county planning board's authority to control land development within a city's extra-territorial jurisdictional area in the event the city is not exercising its subdivision jurisdiction in that area. Further support for this proposition is found in A.C.A. § 14-17-208(1), wherein it states that:
 [f]ollowing the adoption of any subdivision, setback, or entry control ordinances by the [quorum] court, the county recorder shall not accept any plat in the unincorporated area of the county not within the exercised extra-territorial jurisdiction of a municipality for record without the approval of the planning board. . . . [Emphasis added.]
If it is not entirely clear, it may at least reasonably be inferred from these provisions that the county's subdivision jurisdiction in a city's extra-territorial area depends upon the city's "exercise" of its jurisdiction in that area. Unfortunately, the County Code offers no insight into what is meant by the city's "exercised extra-territorial jurisdiction." We do know, however, from the municipal planning Code sections, that the county recorder looks to the planning area map to determine whether plat approval must be obtained from the city planning commission. A.C.A. § 14-56-417(c), supra. Apparently, the presumption is that the city will exercise its subdivision jurisdiction in the area included on the map. If the area is not included, I believe it will be presumed that the city is not exercising its jurisdiction and that the county planning board must approve plats for record. See A.C.A. §14-17-208, supra. However, because there is no explicit Code provision identifying the planning area map as the only evidence that the city's subdivision jurisdiction is "being exercised" (A.C.A. § 14-17-208(i)), it is conceivable that fact questions could arise regarding the exercised jurisdiction. As a general matter, however, I believe it is correct to say that the planning map will determine the city's subdivision jurisdiction.[1]
I have found no provisions in the municipal and county planning statutes other than the above involving subdivision control that offer any insight into the applicability or impact of a county plan within a city's extra-territorial area. The county's retention of zoning authority in the unincorporated area should perhaps be noted. The county generally retains the power to enforce its zoning ordinance in the growth area of a city that is not situated on a navigable stream. See A.C.A. 14-17-209 and Op. Att'y Gen. 99-274.[2] It must also be recognized that the county court and the county judge retain certain authority, both constitutional and statutory, over matters relating to roads and the internal improvement of the county. Ark. Const. art. 7, § 28 and amend. 55, § 3. As I have noted in several previous opinions, the city must yield to the county in the event of a conflict between the city's exercise of its jurisdiction under the planning statutes and the authority of the county court or county judge with respect to county roads and county internal improvement. Seegenerally Op. Att'y Gen. Nos. 2001-038, 98-009, 99-274, and 97-181. Whether such a conflict exists will, of course, involve a question of fact in each instance. See Op. 99-274, citing Yates v. Sturgis,311 Ark. 618, 846 S.W.2d 633 (1993) and Butler v. City of Little Rock,231 Ark. 834, 332 S.W.2d 812 (1960).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] It should perhaps also be noted in this regard that I am aware of no prohibition against a city amending its planning area map. While there can be no amendment of plans, ordinances, or regulations without following the prescribed procedure (see A.C.A. §§ 14-56-422 and — 423), there is no similar requirement with respect to the map. The county may wish to bear this in mind as it considers its planning options in a city's extra-territorial area.
[2] Cities with populations of 8,000 or more and situated on navigable streams have the authority to plan and zone outside their corporate limits. A.C.A. § 14-56-413 (a) (2) (A).